23015. POWELL *et al.* v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

STEPHENS, J. 1. A failure of a sheriff, by and through his deputy, to faithfully perform the duties of his office, although the act may give rise to a cause of action ex delicto, constitutes a breach of the official bond given by the sheriff for the faithful performance of the duties of the office, as required by section 299 of the Political Code of 1910. A right of action against the surety for the breach of the bond arises ex contractu. *Copeland* v. *Dunehoo,* 36 *Ga. App.* 817 (138 S. E. 267); *Powell* v. *Fidelity & Deposit Co.,* 45 *Ga. App.* 88 (163 S. E. 239); *Cantrell* v. *National Surety Co.,* 46 *Ga. App.* 202 (167 S. E. 314); Civil Code (1910), §§ 4359, 4361. The statute of limitations with respect to the

time within which an action may be brought for the breach of a written contract applies to a suit to recover for the breach of the bond, and this limitation is not less than six years after the cause of action arose. *Hartford Accident & Indemnity Co.* v. *Young*, 40 *Ga. App.* 843 (2) (151 S. E. 680).

2. The unlawful killing without provocation, by the sheriff's deputy, of a person in his custody after having been arrested by him, constitutes a breach of the bond. *Powell* v. *Fidelity & Deposit Co.*, supra. Therefore a suit against the surety upon the bond, to recover damages for its breach, which was filed within six years after the breach occurred, was not barred by the statute of limitations.

3. Section 4381 of the Civil Code of 1910 which provides that "if the plaintiff shall be nonsuited, or shall discontinue or dismiss his case," it may be recommenced within six months, and "such renewed case shall stand upon the same footing, as to limitation, with the original case," applies only to cases which are otherwise barred by the statute of limitations. *Hackney* v. *Asbury*, 124 *Ga.* 678 (52 S. E. 886); *Floyd* v. *Boyd*, 16 *Ga. App.* 43 (4), 46 (84 S. E. 494); *Poplarville Sawmill Co.* v. *Driver*, 17 *Ga. App.* 674 (88 S. E. 36).

4. Where, after a suit has been voluntarily dismissed by the plaintiff and is brought again within the period of the statute of limitations, but more than six months after its dismissal, and the plaintiff, as provided in section 5626 of the Civil Code of 1910 where a suit is recommenced after its dismissal, "files with his petition" an affidavit that "he is advised and believes that he has good cause for recommencing his suit, and that owing to his poverty he is unable to pay the costs that have accrued in said case," the suit is not subject to abatement on the ground that it is barred by the statute of limitations or that the costs in the original suit have not been paid.

5. The provisions of the code sections cited as to the payment of costs in a former suit which has been dismissed, or as to making an affidavit in forma pauperis as to the inability to pay such costs upon the recommencement and renewal of the former suit, has no application where the former suit was pending in the United States court. *Webb* v. *Southern Cotton Oil Co.*, 131 *Ga.* 682 (63 S. E. 135); *Bradford* v. *Louisville & Nashville R. Co.*, 132 *Ga.* 851 (65 S. E. 127); *Southern Railway Co.* v. *Rowe*, 2 *Ga. App.* 557 (57 S. E. 462).

6. Where a renewal suit is brought in behalf of a minor by his next friend, the next friend is primarily responsible for the costs. *Nance* v. *Stockburger*, 112 *Ga.* 90 (37 S. E. 125, 81 Am. St. R. 22); *Young* v. *Western & Atlantic R.*, 43 *Ga. App.* 257 (158 S. E. 464). Where a suit has been instituted in a court of this State by a minor through another as his next friend, and is afterwards dismissed and is renewed and recommenced in a court of this State by the minor through the same person as his next friend, the affidavit in forma pauperis made and filed with the suit by the next friend as to the next friend's inability owing to his poverty to pay the costs that have accrued in the case and that he, the next friend, is advised and believes that he has good cause for recommencing the suit, as provided in section 5626 of the Civil Code of 1910, is sufficient.

7. It is not essential that the affidavit in forma pauperis, required under section 5626 of the Civil Code of 1910 to be filed with the petition when the suit is renewed or recommenced, be physically attached to the petition. It is only essential that the affidavit be filed with the petition. Where the affidavit and the petition appear separately and are not physically attached to each other, but are at the same time filed with the clerk of the court in which the renewal suit is instituted, the filing of the affidavit is a compliance with the statute.

8. Where a cause of action ex contractu for a breach of a sheriff's official bond in the unlawful killing, by the sheriff's deputy, of a person in the latter's custody after having been arrested by him for an alleged violation of law, arose July 12, 1927, the cause of action was not barred until after the expiration of at least six years from the date of its accrual, and therefore was not barred on January 6, 1931. Where a suit against the surety upon the sheriff's bond, brought by the minor children of the dead man, through the plaintiff as their next friend, was voluntarily dismissed by the plaintiff on June 7, 1929, and where more than six months thereafter, after the suit had been recommenced in the United States court, suit was recommenced in a court of this State, through the same person as next friend, on January 6, 1931, and the next friend made and filed in the clerk's office with the petition, but not physically attached thereto, an affidavit that the affiant, owing to her poverty, was unable to pay the costs that accrued in the case in the former suit in the State court, and also for the same reason the costs in the same case in the United States court, and that she was advised and believed that she had a good cause for recommencing the suit, the latter suit was not subject to abatement upon the ground that it was brought more than six months after the dismissal of the former suit in the State court, and that the costs of the former suits had not been paid, or no affidavit in forma pauperis in lieu thereof was filed as required by law, or that the cause of action was barred by the statute of limitations.

9. The evidence adduced upon the hearing of the plea in abatement was undisputed, and under the foregoing ruling demanded a finding against the plea. The court erred in sustaining the plea in abatement and in dismissing the petition.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 16, 1934.

*Porter & Mebane,* for plaintiffs.
*Maddox, Mathews & Owens, Rosser & Shaw,* for defendant.