26643.   MARYLAND CASUALTY COMPANY *et al.* v.
DOBSON.

DECIDED MARCH 18, 1938.

*C. G. Milligan, Mann & Mann, McClure & McClure,* for plaintiff in error.

*Baker & Townsend, D. W. Mitchell,* contra.

MacINTYRE, J. ■ Mrs. Fred Dobson brought suit against W. T. Thomas, operating as W. T. Thomas Bus Line, and Maryland Casualty Company, insurance carrier, under Code, § 68-612, for the alleged negligent homicide of her son. The petition alleged in part that the accident occurred and that the deceased died on or about August 27, 1936. It was further alleged: "The Maryland Casualty Company issued its policy number 15-491502 which was filed with the Public Service Commission of Georgia, in which said policy the defendant obligated itself to pay within the limits of the said policy for injury proximately caused by said motor carrier, . . a copy of said policy . . is hereto attached and marked exhibit A, and made a part of this petition." In another part of the petition it was alleged that the accident occurred on August 27, 1936, and that the deceased died two days later. At the trial term the plaintiff amended her petition by striking all allegations in reference to her deceased son receiving injury on August 27, 1936, from which he later died, and inserting in lieu thereof an allegation that the deceased son received the injury from which he later died on August 6, 1936, and by also striking the allegation that the Maryland Casualty Company issued its policy number 15-491502 and inserting in lieu thereof an allegation that the Maryland Casualty Company issued its policy number 31-005709, dated January 24, 1936, and expiring 12:01 a. m. August 8, 1936, and attached said substitute as an exhibit in lieu

of the policy originally attached. The defendant thereupon filed various demurrers, among which was a special demurrer that there was a misjoinder of parties defendant and causes of action. The trial judge overruled this demurrer and properly so, if for no other reason than that it came too late. It is true that the Code, § 81-1312, provides that "an amendment to a petition, . . which materially changes the cause of action . . opens the petition . . as amended, to demurrer or plea." In that same section, it is further provided that "an immaterial amendment shall not so open the petition or other pleading, and need not be answered at all or shall be answered instanter." It is apparent that the amendment above set forth was not material in so far as the objection of misjoinder of parties defendant and causes of action was concerned. If the petition was subject to such objection (misjoinder of parties and causes of action), it was subject thereto as originally filed, and objection should have been made thereto by appropriate special demurrer at the appearance term, as required by the Code, § 81-301. See *Walden* v. *Walden,* 128 *Ga.* 126 (57 S. E. 323); *Saul* v. *Southern Seating & Cabinet Co.,* 6 *Ga. App.* 843 (65 S. E. 1065); *Quillian* v. *Johnson,* 122 *Ga.* 49 (49 S. E. 801); *Potter* v. *Potter,* 40 *Ga. App.* 324 (149 S. E. 579); *Central of Ga. Ry. Co.* v. *Keating,* 177 *Ga.* 345 (170 S. E. 493). In view of the above ruling, it is not necessary for this court to consider and decide whether the act of 1937 (Ga. L. 1937, p. 730), providing that "it shall be permissible to join the motor carrier and the insurance carrier in the same action, whether arising in tort or contract," approved March 12, 1937, would be construed as retrospective, and therefore applicable to a suit brought prior to said act, where the demurrers to the petition for misjoinder of parties and causes of actions were considered and overruled subsequent to the approval of said act.

■ The above amendment was demurred to on the ground that it set forth a new and distinct cause of action from that originally alleged. In the Code, § 81-1303, it is provided: "No amendment adding a new and distinct cause of action or new and distinct parties shall be allowed unless expressly provided for by law." This action, as originally brought, was a suit in which the plaintiff set forth the negligent homicide of her son by the defendant W. T. Thomas operating as W. T. Thomas Bus Line. She joined

as party defendant with Thomas the Maryland Casualty Company which she alleged had issued to Thomas a policy of insurance as required by the act of 1931 (Code, § 68-612; Ga. L. 1931, pp. 199, 203). The basis of her suit against the defendant bus company and its insurance carrier is the tortious homicide of her son, and the liability of the insurance carrier is merely ancillary to that of the common carrier. The Code, § 68-612 (Ga. L. 1931, 199, 203), provides that a motor common carrier shall give a bond or policy of indemnity insurance, "for the protection . . of the public, against injury proximately caused by the negligence of such motor common carrier." The bond or policy of indemnity insurance given under this act must conform to its requirements, and a provision contained therein contrary to such requirements is without force and effect. See in this connection *Great American Indemnity Co.* v. *Vickers,* 183 *Ga.* 233 (188 S. E. 24), wherein the Supreme Court held that the insurance carrier could be sued without first obtaining judgment against the common carrier, notwithstanding provisions in the policy to the contrary. Since the basis of the present cause of action in a suit of the present character is the negligent homicide of the plaintiff's son, and since the defendant insurance carrier was named as the party complying with the Code, § 68-612, and liable under its terms, and since the amendment did not change the essential basis of the cause of action as originally set forth, we do not think that a mere substitution of the date of the accident and the policy of indemnity insurance given under the requirement of the Code, § 68-612, in force on that date, constituted a change of *cause of action,* in a suit of the *present character* within the meaning of § 81-1303. Had the suit been brought solely against the insurance carrier, it is possible that a contrary conclusion would have to be reached. However, such is not the present case. For the reasons set out above we think the cases of *Cox* v. *Ga. R. &c. Co.,* 139 *Ga.* 532 (77 S. E. 574), and *Lambert* v. *Ga. Power Co.,* 181 *Ga.* 624 (183 S. E. 814), are distinguishable. See *Ellison* v. *Ga. R. Co.,* 87 *Ga.* 691 (13 S. E. 809); *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318).

■ It is further insisted that the petition set out no cause of action against the insurance carrier because of certain provisions in the insurance contract to the effect that the insurance carrier

was only liable upon judgment being obtained against the common carrier. This contention is effectively answered by the principle applied by the Supreme Court in *Great American Indemnity Co. v. Vickers,* supra, to wit: that such provisions contained in a policy given under the Code, § 68-612, are contrary to the provisions of that section, and are to be disregarded. The judge did not err in overruling the demurrer.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*