## 27555. IVESTER v. SOUTHERN RAILWAY COMPANY.

DECIDED OCTOBER 9, 1939. REHEARING DENIED DECEMBER 15, 1939.

*Charles W. Anderson,* for plaintiff.

*Neely, Marshall & Greene, Edgar A. Neely Jr.,* for defendant.

BROYLES, C. J. Mrs. Ida Ivester brought an action against the Southern Railway Company to recover damages for the homicide of her husband, Grover Ivester. The petition was filed in the clerk's office of the city court of Decatur on January 10, 1938, and contains two counts, the first based on ordinary negligence, and the second on "wilful and wanton misconduct." Each count of the petition alleges that Grover Ivester was struck and killed by one of defendant's trains on or about September 8, 1935, and each count seeks a recovery for the full value of the life of plaintiff's deceased husband. Paragraphs 19 and 18 of the first and second counts, respectively, are identical, each alleging that plaintiff "filed in September, 1936, in the superior court of DeKalb County, Georgia, a suit against the same defendant, Southern Railway Company, for the homicide of her said husband, being for the same cause of action as is sued on in this case, and said former suit thus filed was removed to the United States district court for the northern district of Georgia, Atlanta Division, and dismissed on August 6, 1937, and the present suit is a renewal of her former suit for the homicide of her said husband and for the same cause of action as set up in her former suit." The defendant demurred to the petition and to each count thereof, (1) because "no cause of action is set out," and (2) "because it affirmatively appears from the allegations of the petition that plaintiff's cause of action is barred by the statute of limitations, it appearing that the death of plaintiff's decedent occurred on September 8, 1935, and that the within suit was not brought until January 10, 1938." On December 22, 1938, the court sustained the demurrer and dismissed the case, and the exception is to this judgment.

"Actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the

reputation, . ." (Code, § 3-1004), and "An action by a wife to recover damages for the negligent homicide of her husband is an action for an 'injury done to the person,' and must be brought within two years after the date of the death of the husband." *Atlantic, Valdosta & Western R. Co.* v. *McDilda,* 125 *Ga.* 468 (54 S. E. 140, 114 Am. St. R. 240). "If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case; but this privilege of dismissal and renewal shall be exercised only once under this section." Code, § 3-808. But "A suit brought in a court of this State and properly removed by the defendant to the Federal court having concurrent jurisdiction thereof, and there dismissed on plaintiff's motion, can not, under Civil Code, § 3786 [Code, § 3-808], be renewed in a State court, within six months of such dismissal, so as to avoid the bar of the statute of limitations. *Cox* v. *East Tennessee &c. R. Co.,* 68 *Ga.* 446. See also *Constitution Publishing Co.* v. *DeLaughter,* 95 *Ga.* 17 (21 S. E. 1000); *Cox* v. *Strickland,* 120 *Ga.* 104 (47 S. E. 912, 1 Ann. Cas. 870)." *Webb* v. *Southern Cotton Oil Co.,* 131 *Ga.* 682 (63 S. E. 135). See also *Hendricks* v. *So. Ry. Co.,* 17 *Ga. App.* 638 (87 S. E. 908), and cit. It being the law of this State that Code, § 3-808, does not apply to a suit brought in a State court, removed to the Federal court, and dismissed either voluntarily or involuntarily, the present case falls within the rule laid down in Code, § 3-1004, that "Actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation. . ." It follows that since the right of action accrued when the plaintiff's husband was killed "on or about September 8, 1935," and the present suit was not filed until January 10, 1938, more than two years thereafter, the action was barred by the statute of limitations, and the court properly sustained the demurrer and dismissed the suit.

Counsel for plaintiff has filed in this court a motion to amend paragraph 19 of the first count of the petition, and paragraph 18 of the second count thereof, by adding thereto what amounts to an averment that the case in the Federal court was dismissed by him voluntarily and "without prejudice." Even if there were authority for granting such a motion (and we are well satisfied there is not),

and if this court should allow the suggested amendment, under the authorities already cited the case would still be barred by the statute of limitations, and the judgment sustaining the demurrer would have to be sustained. The motion is denied.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*