20497. NATIONAL SURETY CORPORATION *v.* BONEY.

MOBLEY, Justice. This case is here upon the grant of certiorari to the Court of Appeals in *National Surety Corp.* v. *Boney,* 99 *Ga. App.* 280 (108 S. E. 2d 342), in which the facts will be found. The applicant for certiorari assigns error upon each of the rulings of the Court of Appeals.

1. The ruling that "The act of March 4, 1958 (Ga. L. 1958, pp. 114, 116), amending Code § 56-601, changing the venue in certain actions against insurance companies, and vesting jurisdiction of actions on bonds of sheriffs or other law-enforcement officers exclusively in the county where the officer resides does not apply to suits then pending," follows the decision of this court in *Sharpe* v. *Lowe,* 214 *Ga.* 513 (1) (106 S. E. 2d 28), in which the precise question was ruled on, and is correct.

2. The ruling that "The Civil Court of Fulton County has jurisdiction to entertain an action brought on the bonds of officers of Fulton County, though the breach of the bond may arise out of wrongful, personal injury inflicted upon the plaintiff," is erroneous. Section 10 of the act of 1925 (Ga. L. 1925, p. 372), amending the act creating the Municipal Court of Atlanta, provided that such jurisdiction be concurrent with

the Superior Court, except as to cases *arising* from injuries to the person or reputation and of which jurisdiction is not vested exclusively in other courts by the Constitution of the State of Georgia." (Italics ours.) Section 26 of the original act was amended in 1956 (Ga. L. 1956, p. 3277), by providing that the court should have jurisdiction "to try and dispose of all civil cases of whatever nature, except injuries to the person or reputation . . ." In the only case involving the jurisdiction of the Civil Court of Fulton County the basis of which was injuries to the person, this court in *Cantrell* v. *Davis,* 176 *Ga.* 745, 746 (169 S. E. 38), said: "In view of the history of the municipal court of Atlanta, as appears from the original passage of the act and the amendments referred to in the question propounded by the Court of Appeals, it is plain that the General Assembly has not at any period contemplated that the municipal court of Atlanta, Fulton section, should have jurisdiction of cases arising from injuries to the person. The language of this exception is so broad as to deny to that court all jurisdiction of cases where a personal injury is the basis of the action, whether directly or indirectly as the origin of a right of action dependent upon certain relationships to the individual whose person may have suffered injury, such as children, father, dependent mother, etc. In other words, the municipal court is entirely without jurisdiction to deal at all with suits which depend upon personal injuries. The legislative intention to deny to the municipal court any jurisdiction in this matter is clear, we think, from the language, in that, after giving this court 'concurrent jurisdiction . . . over the entire county of Fulton,' the enactment states the reservation as follows: 'except as to cases *arising* from injuries to the person or reputation.' This excepts all cases arising from injuries to the person, and includes as well those which arise indirectly as a result of various enactments conferring rights of action upon persons nearly related to the person injured, as where the injury was received by the plaintiff himself." While that case was an action ex delicto seeking damages for personal injuries, the construction by the court of the language of the act, to the effect that the "exception is so broad as to deny to that court all jurisdiction of cases where a personal injury is the basis of the action, whether directly or indirectly as the origin of a right of action . . ." and that the civil

court "is entirely without jurisdiction to deal at all with suits which depend upon personal injuries," would embrace the situation we have here, where the basis of the action "for violation of the terms and conditions of the bond" is the personal injuries alleged to have been inflicted by the sheriff upon the plaintiff. The act does not say that the court is without jurisdiction of causes of action ex delicto brought for injuries to the person, but says that the court shall have jurisdiction to try and dispose of all civil cases of whatever nature, "except injuries to the person or reputation." The basis of the action in this case being injuries to the person, the construction of this statute by this court in the *Cantrell* case, a full-bench decision, is in our opinion binding upon this court in this case. The Court of Appeals erred in holding that the Civil Court of Fulton County had jurisdiction of this case.

3. The Court of Appeals correctly ruled that, the bond being joint and several, the sheriff was not a necessary party to the suit on the bond. *Jefferson* v. *Hartley*, 81 *Ga.* 716 (2) (9 S. E. 174); *Masters* v. *Pardue*, 91 *Ga. App.* 684 (86 S. E. 2d 704), affirmed, 211 *Ga.* 772 (88 S. E. 2d 385).

4. There is no merit in the complaint as to the ruling in headnote four and division four of the opinion of the Court of Appeals.

*Judgment affirmed in part and reversed in part. All the Justices concur except Wyatt, P.J., and Almand, J., who dissent from the ruling in division two of the opinion, and from the judgment of reversal.*

ARGUED JUNE 9, 1959—DECIDED SEPTEMBER 11, 1959.

*Carl K. Nelson, Nelson & Nelson, Newell Edenfield, Buchanan, Edenfield & Sizemore,* for plaintiff in error.

*Daniel Duke,* contra.

ALMAND, Justice, dissenting. I dissent from the ruling that the Civil Court of Fulton County did not have jurisdiction to entertain the action.

Under Code §§ 89-418, 89-419, and 89-421, a surety on the official bond of a sheriff is liable to every person who is injured by any wrongful act committed under color of his office. The

measure of damages is the amount of injury actually sustained; and where no damage is actually sustained, if the officer has not acted in good faith, the jury may award smart money. In *Harris* v. *Black,* 143 *Ga.* 497 (4) (85 S. E. 742), it was held that, in a suit on a sheriff's bond, though special damages claimed may not be recoverable, the petition will not be dismissed because the plaintiff has the right to prosecute his action in order to vindicate his right. "The fact that a tort by the officer is disclosed does not render the action one ex delicto." *Copeland* v. *Dunehoo,* 36 *Ga. App.* 817, 820 (138 S. E. 267). See also *Powell* v. *Fidelity &c. Co. of Maryland,* 45 *Ga. App.* 88 (163 S. E. 239); *Powell* v. *Fidelity &c. Co. of Maryland,* 48 *Ga. App.* 529 (173 S. E. 196); *Glens Falls Indem. Co.* v. *Dempsey,* 68 *Ga. App.* 607 (23 S. E. 2d 493).

The case of *Cantrell* v. *Davis,* 176 *Ga.* 745 (169 S. E. 38), relied on by the defendants is not controlling. In that case a mother sought to recover damages because of the negligent homicide of her minor child. There the action was ex delicto against the person who committed the tort. Here the action is against the surety on the tortfeasor's bond, on a cause of action which arose out of the breach of the bond, and is therefore an action ex contractu.