43762.  ADDINGTON v. OHIO SOUTHERN
EXPRESS, INC. et al.

ARGUED JULY 1, 1968—DECIDED NOVEMBER 4, 1968—
REHEARING DENIED DECEMBER 5, 1968—

*Powell, Goldstein, Frazer & Murphy, Warner R. Wilson, Jr.,
Frank Love, Jr., Luther Hames,* for appellant.

*Troutman, Sams, Schroder & Lockerman, Robert L. Pennington, Allen E. Lockerman, William H. Schroder, Jr.,* for appellees.

FELTON, Chief Judge. "The sustaining of *actionable injury* is, under the statute [*Code* § 68-612 (Ga. L. 1931, pp. 199, 203)], the only condition precedent to a suit on the policy. When actionable injury is alleged in a suit on the policy, the terms of the statute are complied with, and the petitioner upon proper proof of the injury is entitled to recover on the policy. *The cause of action is not on the tort; but on the contract* by alleging the occurrence of the condition precedent required by the statute, which statute is an integral part of the contract of insurance." (Second emphasis supplied.) *Great Amer. Indem. Co. v. Vickers,* 183 Ga. 233, 236 (188 SE 24). While the "cause of action" (or statement of a claim, as it is now called) is not on the tort, nevertheless "the tort constitutes the real cause of action, and the liability of the insurance carrier on its policy, issued as re-

quired by law, is merely ancillary to that of the common carrier." *Maryland Cas. Co. v. Dobson,* 57 Ga. App. 594, 595 (2) (196 SE 300). Hence, in the action based upon the insurance contract, the statute of limitation commenced running at the time of the commission of the alleged tort, which is the basis of the insurer's contractual liability.

It is axiomatic that a defense cannot be asserted until there is filed an action against which to assert it. In the present case, it does not appear that the plaintiff had previously filed an action on the tort to which the defendants, or any of them, could have filed a plea in bar. Therefore, the filing of the present two-count complaint presented the defendants their first opportunity of asserting this defense. Since the bar of the statute of limitation appears on the face of the complaint, the defendants could and did raise the question at the trial term by their motion to dismiss the complaint. *Marbut v. Hamilton,* 32 Ga. App. 187 (122 SE 738); *Davis v. Boyett,* 120 Ga. 649 (48 SE 185, 66 LRA 258, 102 ASR 118, 1 AC 386); *Louisville &c. R. Co. v. Persons,* 18 Ga. App. 84 (88 SE 905); *Little v. Reynolds,* 101 Ga. 594 (28 SE 919); Fischbach & Moore, Inc. v. International Union of Operating Engineers (D.C. Cal.) 198 FSupp. 911, and other cases annotated under *Code Ann.* § 81A-108 (c). Certainly, they could not have attacked the late filing of the complaint *prior* to the filing of the complaint. Since the adjudication in favor of the plea of the statute of limitation decided that the filing of the complaint was too late, the court's ruling or judgment on the plea *was effective as of the time of the commencement of the action,* making any subsequent proceedings in the case a nullity. That being the case, the court's sustaining of the defendants' motion to dismiss on the ground of the statute of limitation was effective to bar both the contract and tort counts of the complaint.

To hold that the claim must have been barred, if at all, by the filing of a plea in bar *prior* to the commencement of the contract action, would permit the plaintiff to delay the filing of his complaint until after the statute of limitation had run, thereby depriving the insurer of any opportunity, hence any right, of asserting such defense—a result which certainly could not have

been intended, either in the original *Code Ann.* § 68-612 or its amendment (Ga. L. 1937, pp. 730, 731).

The court did not err in its judgment sustaining the defendants' motions to dismiss.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*