44938. McCHARGUE v. BLACK GRADING
CONTRACTORS, INC.

2 

Argued January 5, 1970—Decided May 7, 1970—Rehearing denied June 9, 1970—

*Bullock, Yancey & Mitchell, Kyle Yancey,* for appellant.

*Hansell, Post, Brandon & Dorsey, Hugh E. Wright,* for appellee.

BELL, Chief Judge. ■ The plaintiff excepted to the court's charge on the duty of the plaintiff to exercise ordinary care for his own safety in regard to the incident which caused his injuries and on the doctrine of comparative negligence and the apportionment of damages. The ground advocated at trial was the lack of any evidence of negligence on the part of the plaintiff. These instructions, however, were authorized by the evidence that plaintiff was aware of the type of activity being conducted by defendant, the felling of large trees, and that by merely looking he could have learned that the particular tree was being pushed over. With respect to the charge on comparative negligence, complaint was made that a part of the charge did not state that the negligence which would bar plaintiff's recovery under this rule must

have proximately contributed as the cause of his injuries. This matter was covered by the court elsewhere in its charge. For this reason no error was committed. See *Palmer v. Stevens,* 115 Ga. App. 398, 407 (154 SE2d 803). Enumerations 1, 2, 12, 13, 14 have no merit.

■ The jury was instructed as follows: "I further charge you that if you find from the evidence that plaintiff knew that the defendant, through its employee, was pushing trees down in a general direction toward, or close to where plaintiff was standing, and if you find that the plaintiff, knowing of this fact, came into the area where there was a danger to himself of being struck by such trees being pushed down, or if you find that he remained in the area where trees being pushed down could strike him and failed to leave the area when he had both time and opportunity otherwise to have done so, you would be authorized to find that the plaintiff failed to exercise ordinary care for his own safety, and if you find that plaintiff did fail to exercise ordinary care for his own safety which caused his injuries, you would not be authorized to find a verdict for the plaintiff in this case and your verdict would be for the defendant." Plaintiff's ground of complaint at trial to this charge is that it is not supported by the evidence. The evidence authorizes this instruction. On appeal plaintiff argues an additional ground which is not permissible, as the review of a charge is limited to the ground urged at trial. *Palmer v. Stevens,* 115 Ga. App. 398, supra.

■ The fourth and fifth enumerations of error complain of the court's charge to the jury upon the defense of assumption of risk. The ground for objection was that there is no evidence that plaintiff had any knowledge of the specific danger. Plaintiff by his own testimony admitted knowledge of the danger attendant to the pushing down of trees and nonetheless voluntarily assented to be exposed to it by working in the area where this activity was in progress. *Southern R. Co. v. Hogan,* 131 Ga. 157 (62 SE 64); *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665 (88 SE2d 6).

■ Enumerations 6 and 9 concern instructions that the jury would not be authorized to infer negligence on the part of the defendant from the mere fact that plaintiff was struck by a tree which had been pushed over by defendant. The basis of objection was that the evidentiary rule of res ipsa loquitur applied. This

rule has no application where, as here, the precise cause of the injury is shown by testimony of witnesses. *Stansfield v. Gardner,* 56 Ga. App. 634 (193 SE 375).

■ No exception was taken at trial to the portion of the charge attacked in enumeration 7. This presents nothing for review. *Ga. Power Co. v. Maddox,* 113 Ga. App. 642 (149 SE2d 393); *Nathan v. Duncan,* 113 Ga. App. 630 (149 SE2d 383).

■ The court charged the jury that "the broad test of negligence is what a reasonably prudent person would foresee and would do in the light of this foresight under the circumstances. Not what actually happened, but what a reasonably prudent person would have then foreseen as likely to happen, is the key to the question of reasonableness" and ". . . the law requires a person to anticipate or foresee and guard against what usually happens and is likely to happen, but the law does not require a person to anticipate or foresee and provide against that which is unusual and not likely to happen, or, in other words, that which is only remotely and slightly probable. The general test in such cases is not whether the injurious result or consequence is possible, but whether it was probable, that is likely to occur according to the usual experience of persons. A wrongdoer cannot be held responsible according to occasional experience, but only for a result of consequence which is probable according to the ordinary and usual experience of mankind." These instructions which concern in substance the same subject matter, the foreseeability of harm, are attacked in enumerations 8 and 10. This part of the charge was not error. Both instructions stated correct principles of law which were applicable in view of the evidence that it was unusual for a tree to fall other than in the direction pushed. *Whitaker v. Jones, McDougald, Smith Pew Co.,* 69 Ga. App. 711, 716 (26 SE2d 545); *Southern Mills v. Newton,* 91 Ga. App. 738, 740 (87 SE2d 109); *Daneker v. Megrue,* 114 Ga. App. 312 (151 SE2d 157).

■ The jury were instructed that if they find that plaintiff knew prior to the time that the tree fell upon him that the defendant was pushing down trees close to where plaintiff was standing, then the defendant had no duty to warn plaintiff. Plaintiff contended that since there was evidence that plaintiff was unaware of the presence of the machine in his immediate vicinity, the instruc-

tion was not authorized. While plaintiff did testify to his lack of knowledge that the machine was present in his immediate vicinity and about to push over a particular tree without warning to him, this charge was nonetheless warranted by his testimony that he knew that defendant was felling trees in the construction site area.

■ Plaintiff excepted to the court's instructing the jury on pure accident which included a definition of the term as an injury which occurs without being caused by either the negligence of the plaintiff or of the defendant. The ground for this exception is that there is no evidence to support this charge. There is evidence which would authorize a finding that neither party was at fault in this case and therefore no error was committed. *Holliday v. Mayor &c. of Athens,* 10 Ga. App. 709 (6) (74 SE 67); *Caldwell v. Knight,* 94 Ga. App. 827 (96 SE2d 331).

■ The court refused to charge the jury pursuant to request that if they found that defendant's employee was guilty of wilful and wanton negligence in pushing a large tree down in dangerous proximity to the plaintiff, in that event any negligence found on the part of the plaintiff would not defeat plaintiff's recovery. Wilful and wanton negligence has been defined as conduct evincing a wilful intention to inflict the injury or else so reckless or indifferent to the consequences, where life or limb is involved, as to justify the jury in finding a wantoness equivalent in spirit to actual intent. *Central of Ga. R. Co. v. Moore,* 5 Ga. App. 562 (63 SE 642). The evidence that the tree was pushed intentionally by the operator of the front-end loader near where plaintiff was working would not authorize this charge when considered with the evidence that the tree falling other than in a straight line from the direction of the force applied was not probable.

■ Enumerations 16, 17, 19 and 20 consist of the refusal of the trial court to charge requests submitted by plaintiff. The only ground of objection to the refusal made by plaintiff was that each of the requested instructions was "pertinent" and "applicable." Refusals to charge are only reviewable when the complaining party makes objection prior to the jury's return of the verdict "stating distinctly the matter to which he objects and the grounds of his objection." *Code Ann.* § 70-207 (a). While the plaintiff made

a distinct objection to the refusal to charge his requests, the ground asserted was a mere general objection which failed to point out with any degree of particularity why the requests were pertinent and is insufficient to entitle the objection to review. *Ga. Power Co. v. Maddox,* 113 Ga. App. 642, supra.

■ The evidence authorized the verdict. Enumeration 21 has no merit.

*Judgment affirmed. Quillian and Whitman, JJ., concur.*