44912.   SEABOARD COAST LINE RAILROAD
COMPANY et al. v. CLARK.

ARGUED JANUARY 5, 1970—DECIDED JUNE 17, 1970—
REHEARING DENIED JULY 24, 1970—

*Robert E. Knox, Fulcher, Fulcher, Hagler, Harper & Reed, W. M. Fulcher,* for appellants.

*Walton Hardin,* for appellee.

BELL, Chief Judge. As a new trial will be required in this case, it is advisable for the court to consider certain of the defendants'

enumerations of error raising questions which otherwise would most likely reoccur during the next trial.

1. Defendants object to the overruling of their motion to strike an amendment to plaintiff's petition alleging in substance that defendants had knowledge that the engineer in this cause was a careless and negligent person in that he was the operator of trains in which he negligently and carelessly caused the death of two individuals in separate accidents which occurred prior to this incident and the admission over objection of the testimony from the engineer concerning the two prior accidents. In this they are correct as similar acts or omissions on other and different occasions are not generally admissible to prove like acts or admissions at a different time and place. The current issue is negligence or the lack of it at the time and place of the accident which occasioned this legal inquiry. *Butler v. Central of Ga. R. Co.,* 41 Ga. App. 115 (5) (151 SE 834); *Murray Biscuit Co. v. Hutto,* 115 Ga. App. 870 (156 SE2d 132). The amended pleadings should have been stricken and the evidence excluded.

2. One of the defendants, the Georgia Railroad & Banking Corporation, answered several of the paragraphs of the plaintiff's petition by pleading that it could neither admit nor deny plaintiff's allegations for want of sufficient information. This defendant later amended its original answer and either admitted or denied some of these paragraphs. The trial court admitted for jury consideration, over objection of defendant, the parts of defendant's original answer in which it pleaded an inability to admit or deny for want of sufficient information and charged the jury that these parts of the defendant's answer would be regarded as admissions. It is apparent from the record that the court's charge was based upon *Code* § 81-308. This provision of law was specifically repealed by the Civil Practice Act. Ga. L. 1966, pp. 609, 687, 688; Ga. L. 1967, pp. 226, 246 (*Code Ann.* § 81A-201 (m)). Although this suit was filed in January 1967, trial was had in March, 1969, after the effective date of the Civil Practice Act. The trial court was expressly bound to follow the Civil Practice Act at the trial in March, 1969. Ga. L. 1968, pp. 1104, 1109 (*Code Ann.* § 81A-186 (a)). The Civil Practice Act has no provision similar to those of the repealed *Code* § 81-308. The trial court erred in this instruction to the jury.

3. The trial court did not err in admitting in evidence photographs of the railroad tracks and right of way taken several years prior to and about one year after the accident, where there was testimony that the pictures accurately portrayed the scene at the time the deceased was killed. *Code* § 38-201; *Draffin v. Massey,* 93 Ga. App. 329 (92 SE2d 38).

4. The jury was instructed that it would be presumed that the deceased did not assume his position near the railroad tracks voluntarily. This instruction apparently is taken from our decision in *Ellis v. Southern R. Co.,* 89 Ga. App. 407, 414 (79 SE2d 541), where it was stated that suicide is never presumed. In substance, this instruction states this principle and it was not erroneous.

5. The judge charged the jury that the duty of a person to exercise ordinary care to avoid the consequences of another's negligence does not arise until the negligence of the other party is known or by the exercise of ordinary care and diligence should have been apparent. Defendants at trial excepted on the ground that the instruction was not a correct statement of the law, as the duty to exercise ordinary care for one's own safety exists at all times. The instruction as given states the avoidance of consequences doctrine based upon *Code* §§ 94-703 and 105-603 and decisions of the Supreme Court and this court. *Western & A. R. Co. v. Ferguson,* 113 Ga. 708 (39 SE 306, 54 LRA 802); *Ga. R. & Bkg. Co. v. Farmer,* 45 Ga. App. 130, 145 (164 SE 71). The defendants cite the case of *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665 (88 SE2d 6) as authority that this instruction is contrary to decisions of the Supreme Court. As we view the *Southland* decision (which is factually distinguishable), it expressly recognized this instruction as a correct principle of law.

6. Exception was taken to the instruction to the jury on the last clear chance doctrine on the ground that this theory has no application where deceased by the use of ordinary care could have avoided the consequences of any negligence of the railroad. As applied in Georgia, it is only where the defendant knows of the other's situation of peril and realizes or has reason to realize the other's helpless condition that defendant is charged with a duty of using reasonable care and competence in his then existing ability to avoid harming the other person. *Southland Butane Gas Co. v.*

*Blackwell,* 211 Ga. 665, supra; *Palmer v. Stevens,* 115 Ga. App. 398 (154 SE2d 803). As there is some evidence that the engineer knew of the presence of the deceased lying helpless adjacent to the tracks prior to striking him, and as there is some evidence that deceased's position of peril was not brought about by voluntary drunkenness, a jury would be authorized to find the defendant negligent on the last clear chance theory. Again defendants rely upon the decision of the Supreme Court in *Southland Butane Gas Co. v. Blackwell,* supra, as supporting its argument that this principle has no application where the deceased by the use of ordinary care could have avoided the consequences of any negligence of the engineer. Our analysis of the *Southland* case does not support this view. The Supreme Court there held that the last clear chance doctrine did not apply, as under the undisputed facts of that case there was a total lack of knowledge by the defendant of the plaintiff's perilous position.

7. Complaint is made to a part of the charge that wanton and wilful negligence is the equivalent of gross negligence, which had previously been defined by the trial judge as the absence of slight care. Wilful and wanton misconduct are not construed in Georgia as synonymous terms. *Harris v. Reid,* 30 Ga. App. 187 (117 SE 256); *Dixon v. Merry Bros. Brick &c. Co.,* 56 Ga. App. 626 (193 SE 599); *Smith v. Atlantic C. L. R. Co.,* 75 Ga. App. 346 (43 SE2d 420). This instruction was not abstractly correct as a matter of law. However, in another part of the charge, the court furnished the jury with a correct definition of wilful and wanton misconduct and the application of the definition if the jury found the deceased to be a trespasser. Although we need not assess this erroneous charge for harm as this case will be re-tried, on the future trial equating wilful and wanton misconduct to gross negligence should be avoided.

8. A charge that railroad engineers should observe more caution in operating trains in an area where they know persons are likely to be on the track was warranted by the evidence of the use of the pathway by the public over a period of years. *Central of Ga. R. Co. v. Sharpe,* 83 Ga. App. 12 (62 SE2d 427).

9. The jury was instructed "that if a person is upon a railroad track in a helpless condition, and if the engineer or his assistants

discover that person in time to stop the train before reaching him, but recklessly, or even incautiously, neglect to do so, the company would be liable in damages in proportion to its own default and that of the other party." This instruction was taken from the decision in the case of *Savannah, Fla. & W. R. Co. v. Stewart,* 71 Ga. 427. The objections to this instruction made at the trial are not now urged on appeal. Review of a charge enumerated as error is limited strictly to the grounds of objection stated at trial. *Palmer v. Stevens,* 115 Ga. App. 398, supra; *Pirkle v. Widener,* 119 Ga. App. 401 (167 SE2d 407).

10. The defendants excepted to several portions of the court's charge to the effect that if the jury found the defendants guilty of wilful and wanton misconduct in killing the deceased, plaintiff would be entitled to recover regardless of whether the deceased was negligent. The ground for exception was that these instructions were not qualified by the principle that there can be no recovery if the deceased by the exercise of ordinary care for his own safety could have avoided the injury which defendants' negligence produced. In other instructions the court clearly charged the jury on the avoidance of consequences doctrine. When the charge is read as a whole, we do not feel that the jury was confused or misled.

11. The jury was instructed that if trainmen are uncertain what an object ahead of them on the track is, they have a duty to immediately reduce the speed of the train and not to wait until it is too late to discover human peril and then engage in futile attempts to avoid injury. The instruction was correct as a principle of law and was applicable under the evidence. *Brewer v. James,* 76 Ga. App. 447, 453 (46 SE2d 267).

12. One abstract of the charge shows that the trial court instructed the jury that if the decedent's death was proximately caused by the "negligence" of the defendants, a verdict should be returned for plaintiff; and further, if both parties were "negligent" and the railroad's negligence exceeded the deceased's, a verdict should be returned for plaintiff. It is argued that the term "negligence" was used in a general sense and the type of negligence required for recovery was not made clear. Elsewhere in the charge to the jury, the court in detail correctly outlined that if deceased

was found to be a trespasser recovery could be had only on a finding of wilful and wanton misconduct on the defendants' part and also charged the plaintiff's contrary theory of the case that she was entitled to recovery on the basis of a lack of ordinary care. In view of these objections, on the retrial of the case the trial judge no doubt will carefully continue to particularize the applicability of his instructions on the required degree of negligence to the two theories of the case.

13. Although the defendants contend that the deceased was a trespasser, there was evidence in the case concerning the frequency of use of the pathway where the death occurred sufficient to authorize the jury to find that the deceased was in that class of persons to whom the defendants had a duty to use ordinary care to prevent injuring. This duty attaches where it is shown that the public has been in the habit for a number of years of traversing along a railroad's right of way with the knowledge of and without the disapproval of the railroad. *Shaw v. Ga. R.,* 127 Ga. 8 (55 SE 960); *Western & A. R. Co. v. Michael,* 175 Ga. 1 (165 SE 37); *Central of Ga. R. Co. v. Sharpe,* 83 Ga. App. 12, 20, supra. Thus if there is any evidence, however slight, from which the jury might reasonably infer negligence on the defendants' part, then the judgment denying their motion for judgment notwithstanding the mistrial must be affirmed. Of course, the evidence must be construed in favor of the party against whom the motion is made. As previously indicated in Division 6, supra, at least the minimum of evidence necessary for affirmance is present in this case.

It should be recalled that the weight of a witness's testimony and his credibility are peculiarly and exclusively questions for the jury. A jury is not bound in every case to accept the evidence of a witness as true, although it is not contradicted by other direct evidence, when it is in conflict with reasonable inferences that may be drawn from proven facts and circumstances. *Adams v. Adams,* 218 Ga. 67 (4) (126 SE2d 769). A jury could reasonably infer from the evidence that the engineer, who was under a duty to be on the alert for a person on the track, failed to keep a proper lookout in the light of his testimony that he did not initially discover the object near the tracks until he was about 150 to 175 feet away, a relatively short distance, when considered

244

with the evidence that his view was unobstructed for 218 yards and the headlight was brightly burning. Also, the engineer testified that he was uncertain as to whether the object he saw was a piece of paper or plasterboard. After sighting this object, the engineer did not slacken his speed or apply the brakes but waited until he was sure it was a human. If uncertain as to whether it was paper or plasterboard, it cannot be said that the jury would be precluded from finding that the engineer could not really determine the nature of the object. If the engineer was uncertain as to what an object was, he had a duty to immediately stop the train. *Ga. Southern &c. R. Co. v. Wilson,* 93 Ga. App. 94, 111 (91 SE2d 71). He did not attempt to do so when the object was first seen by him.

*Judgment denying the defendants' motion for judgment notwithstanding the mistrial affirmed. Quillian and Whitman, JJ., concur.*