45339, 45340.   FIDELITY-PHENIX INSURANCE COMPANY
et al. v. MAULDIN; and vice versa.

SUBMITTED MAY 4, 1970—DECIDED NOVEMBER 18, 1970—
REHEARING DENIED DECEMBER 14, 1970—CERT. APPLIED FOR.

*Clary & Kent, Horace T. Clary, F. L. Salmon,* for appellants.

*Greene & Greene, William B. Greene, Wright, Walther & Morgan, Robert G. Walther,* for appellee.

QUILLIAN, Judge. The defendants contend that this action was brought for injuries to the person and having been commenced more than 2 years after the right accrued was barred by the statute. *Code* § 3-1004 as amended (Ga. L. 1964, p. 763); *Ivester v. Southern R. Co.,* 61 Ga. App. 364, 365 (6 SE2d 214). The plaintiff urges that since the action was on the bond a longer limitation applies.

In *Harris v. Black,* 143 Ga. 497 (85 SE 742), the Supreme Court considered the question of whether a suit on a sheriff's bond under seal was subject to the 20-year limitation of § 4359 of the (1910) Code (now *Code* § 3-703), or whether a shorter limitation was applicable. The court discussed the fact that if the suit was against the sheriff individually, and not on the bond, depending on whether the action sounded in tort or contract (the underlying cause), then various limitations, such as what is now *Code Ann.* § 3-1004, might be applicable. The court then held: "Under the statutes of this State and the former decisions of this court, a suit for a breach of the official bond of a sheriff, if brought within twenty years from the breach, will not be barred because an action sounding in tort or contract on account of his breach of duty, against the sheriff alone, not on the bond, might be barred." *Harris v. Black,* 143 Ga. 497 (5), supra.

The Court of Appeals in an apparent independent adjudication

(since the *Harris* case, 143 Ga. 497, supra, was not cited) reached the same result in *Powell v. Fidelity & Deposit Co. of Maryland,* 48 Ga. App. 529 (1) (173 SE 196) and held: "A failure of a sheriff, by and through his deputy, to faithfully perform the duties of his office, although the act may give rise to a cause of action ex delicto, constitutes a breach of the official bond given by the sheriff for the faithful performance of the duties of the office, as required by Section 299 of the Political Code of 1910. A right of action against the surety for the breach of the bond arises ex contractu. . . The statute of limitations with respect to the time within which an action may be brought for the breach of a written contract applies to a suit to recover for the breach of the bond, and this limitation is not less than six years after the cause of action arose."

The *Harris case,* 143 Ga. 497, supra, approved unanimously in *Slaton v. Morrison,* 144 Ga. 471 (2) (87 SE 390), is controlling here.

The defendants rely on *National Surety Corp. v. Boney,* 215 Ga. 271 (110 SE2d 406), and *Addington v. Ohio Sou. Express, Inc.,* 118 Ga. App. 770 (165 SE2d 658). *National Surety Corp. v. Boney,* 215 Ga. 271, supra, does not require a different result since that case involved the construction of the language in the Act treating with jurisdiction of the Civil Court of Fulton County. In *Addington v. Ohio Sou. Express, Inc.,* 118 Ga. App. 770, supra, an action was brought against a motor common carrier and its liability insurer for damages for personal injuries. This court held that: "While the 'cause of action' (or statement of a claim, as it is now called) is not on the tort, nevertheless 'the tort constitutes the real cause of action, and the liability of the insurance carrier on its policy, issued as required by law, is merely ancillary to that of the common carrier.' *Maryland Cas. Co. v. Dobson,* 57 Ga. App. 594, 595 (2) (196 SE 300). Hence, in the action based upon the insurance contract, the statute of limitation commenced running at the time of the commission of the alleged tort, which is the basis of the insurer's contractual liability." Here, while the obligation of a surety is accessory to that of his principal (*Code* § 103-102), still regardless of the underlying cause, the liability of the principal is predicated on the bond and not on a tort.

If there were any conflicts between those cases and *Harris v.*

*Black,* 143 Ga. 497, supra, the rule which we must here apply is that: "this court . . . as well as the Supreme Court is bound by the oldest unanimous decisions of the Supreme Court on any question decided unless and until that case is overruled, modified, distinguished or declared obiter as authorized by law. *Code* § 6-1611. And, if there are two conflicting decisions of the Supreme Court, neither of which is unanimous, this court will follow the older case." *State Hwy. Dept. v. Wilson,* 98 Ga. App. 619, 621 (106 SE2d 544). See *State Hwy. Dept. v. Blalock,* 98 Ga. App. 630 (106 SE2d 552). Hence, the suit was not barred by the statute of limitation.

■ In consideration of the remaining enumerations of error, the following rules regarding the provisions of Section 17 of the Appellate Practice Act as amended (*Code Ann.* § 70-207; Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078), should be noted.

The appellant must make a proper objection to a charge as given or to a request refused and state the grounds therefor; the mere exception to a numbered request fails to meet this requirement. *U. S. Security Warehouse, Inc. v. Tasty Sandwich Co.,* 115 Ga. App. 764 (1) (156 SE2d 392); *Reeves v. Morgan,* 121 Ga. App. 481 (8) (174 SE2d 460) (reversed on other grounds, *Morgan v. Reeves,* 226 Ga. 697 (177 SE2d 68)). Review of a charge on appeal is limited strictly to the grounds of objection stated at the trial; if the exception actually made is not argued or insisted upon, it will be treated as abandoned. *Black v. Aultman,* 120 Ga. App. 826, 828 (172 SE2d 336); *McChargue v. Black Grading Contr.,* 122 Ga. App. 1, 4 (176 SE2d 212); *Seaboard C. L. R. Co. v. Clark,* 122 Ga. App. 237, 242 (176 SE2d 596).

(a) Grounds complaining of the failure to give certain requests to charge fail to meet the stated requirements and are not considered.

(b) Ground 8 of the motion for new trial complains of the trial judge's charge on the negligence of a guard. The only objection made in the trial court was that such charge was erroneous as a matter of law in that the jury was instructed as to the wrong degree of negligence.

The charge was an excerpt from *Irwin v. Arrendale,* 117 Ga. App. 1, 3 (159 SE2d 719), and not error on that ground. See *Fidel-*

*ity-Phenix Ins. Co. v. Mauldin,* 118 Ga. App. 401, supra.

(c) Although enumerations of error 4 and 5 complain of admission into evidence of Georgia Safety and Fire Regulations for Explosives, no argument was addressed to the court in appellant's brief and there was no oral argument before this court. This ground was abandoned and cannot be resurrected by argument made in a supplemental brief filed long after the call of this case. This also applies to the complaint made as to charging with regard to these regulations. *Dimmick v. Pullen,* 120 Ga. App. 743 (2) (172 SE2d 196).

(d) The only remaining objection asserts that the court erred in charging that the failure to comply with the fire regulations by ordering the deceased to use a rod not made of wood in tapping dynamite would constitute a violation of law and would be negligence per se.

Applicant now asserts that this was subject to an interpretation that if any time the guard ordered the deceased to tap dynamite with other than a wooden rod it would be negligence. A reading of the charge as a whole discloses the portion complained of was not subject to the objection made.

(e) The evidence was sufficient to support the verdict.

■ Since a ruling on the cross appeal would be of no benefit to the cross appellant, we do not consider its merits. See *Daniels v. Allen,* 118 Ga. App. 722, 725 (165 SE2d 449).

*Judgment affirmed in 45339. Appeal dismissed in 45340. Bell, C. J., and Whitman, J., concur.*

ON MOTION FOR REHEARING.

We reiterate that this case involves *not* an action for negligence against the warden individually, but is a suit on the warden's bond. In arriving at our decision, careful and thorough consideration was given to *Cantrell v. Davis,* 176 Ga. 745 (169 SE 38). In that case, which did not involve a bond or a statute of limitation, the Supreme Court answered a certified question from this court as to the jurisdiction of the Municipal Court of Atlanta (now the Civil Court of Fulton County) with regard to "an action brought by a mother to recover a certain sum of money alleged to be due her by the defendant because of certain personal injuries sustained by her minor son (upon whom she was dependent for sup-

port and who contributed the amount of his wages to her support), and his death resulting from such injuries." The Supreme Court in construing the legislative intent emphasized that "the enactment states the reservation as follows: 'except as to cases *arising* from injuries to the person or reputation.'" There is nothing to indicate under *Code* § 3-1004, as amended, that the legislature intended the two-year statute of limitation to apply to cases *arising* from injuries to the person as was found in the *Cantrell* case, supra.

*Rehearing denied.*