45756. SPEARMAN et al. v. LOTHRIDGE et al.

BELL, Chief Judge. In this wrongful death case, the jury returned a verdict for defendants. The plaintiffs appeal from the order denying their amended motion for new trial. On appeal only five of the grounds are argued.

1. The plaintiffs' complaint charged the defendants with particular specifications of negligence. The trial court advised the jury as to these allegations as they applied to each of the defendants. Then the jury was instructed ". . . that it would not be necessary that the plaintiffs prove that the defendants were negligent in all of the particulars charged by them; as to negligence it would be sufficient if the plaintiffs should show by a preponderance of the evidence that the defendants were negligent in one or more of the particulars as contended by the plaintiffs." An exception was taken to this excerpt on the ground that under the Civil Practice Act the plaintiffs do not have to show that the defendants were negligent "as charged" but simply that they were negligent. As we view it, this instruction does not restrict plaintiffs' recovery to the specifications of alleged negligence so as to preclude consideration of any other conduct which the jury might find to be negligent. It merely points up that proof of all the alleged acts of negligence was not necessary for recovery. Thus, the charge of the court was not subject to the objection raised.

2. The objection raised at trial to the excerpt from the charge forming the basis of grounds 7, 8 and 9 of the amended motion for new trial is not argued on appeal. New grounds are now urged. Review of an instruction claimed to be error is limited to the ground stated at trial. Seaboard C. L. R. Co. v. Clark, 122 Ga. App. 237 (9) (176 SE2d 596).

3. The court charged the jury on the law relative to operating a

motor vehicle while under the influence of intoxicants. The plaintiffs' decedent was the driver of the motor vehicle involved in this suit. Testimony was received that she had been drinking prior to the collision and two investigating police officers, who had the opportunity to observe the deceased at the scene of the collision, rendered opinions that she was under the influence of alcohol. This charge was thus warranted by the evidence.

*Judgment affirmed. Quillian and Whitman, JJ., concur.*

ARGUED NOVEMBER 9, 1970—DECIDED MARCH 5, 1971.

*Ray C. Norvell, Gregg Loomis,* for appellants.

*O'Kelley, Hopkins & Van Gerpen, Earl J. Van Gerpen, Steven J. Kyle, Lokey & Bowden, Glenn Frick, Neely, Freeman & Hawkins, Paul M. Hawkins,* for appellees.