## 50062. ANDERSON v. ATLANTA UNIVERSITY, INC.

PANNELL, Presiding Judge.

Appellant Anderson brought a complaint against the appellee university which in part contained the following allegations in numbered paragraphs:

"2. That Plaintiff was at all times herein mentioned a student attending said University.

"3. That Defendant owed a duty to the Plaintiff to provide and maintain safe, well-lighted walkways for ingress and egress by students attending said University.

"4. That the walkway provided for use by Plaintiff and others was constructed of bricks and an extremely uneven and unsafe surface with protruding and loose bricks which could not be detected by Plaintiff or others by the exercise of ordinary care.

"5. That the lights on said walkway were insufficient for Plaintiff to see the defects in the walkway."

The complaint further alleged that at approximately 9:10 when she was leaving the university she suddenly tripped and fell down as the result of a protruding brick on the walkway, suffering certain alleged injuries. She sought recovery of general damages plus drugs, medicine and physician's charges. The defendant denied paragraphs 3 and 4 of the complaint; and as to paragraphs 2 and 5, alleged that defendant was "without sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in" these paragraphs. The answer further alleged that the plaintiff's injuries were the result of her own negligence. The defendant moved for summary judgment based on the pleadings and a discovery deposition of the plaintiff taken by the defendant. In addition to the above items, there were sent up in this record interrogatories propounded to the defendant and answers thereto.

The deposition of complainant disclosed that the injury occurred on March 29, 1972, and that she had been attending the university since June, 1969, and was familiar with the general condition of the walkways and that she had been on this particular one numerous times by day and by night; that on the night in question, she left

the building in which she had been attending classes about 9:30 p.m. The lights on the front of this building and the building next door which usually lighted the walkway that ran in front of the buildings were not lighted; but it was necessary to use this walkway in order to get to her automobile in a parking area close by. There were no lights on poles along the walkway. This situation had happened to her before and she realized the danger of going down the steps of the building in the dark, but she negotiated the steps safely and while she was aware one had to walk carefully on the brick walkway, when she was about halfway between the buildings she stumbled over a raised brick on the walkway and fell, injuring herself. She further stated that it was possible her heel had gone into a crack between bricks, but in her opinion, it was a raised brick, but that it was so dark she couldn't tell which. She had on shoes with a small heel, not medium or high heel. She testified that the walks on campus were brick and uneven with raised bricks in various places and with cracks between the bricks in some places; and while she was familiar with the general condition of the walkways she was not familiar, prior to the time she fell, with the particular brick causing her fall.

The interrogatories admitted that complainant at the time of the occurrence in question was a student at the university and that she had a class scheduled on that particular day and that the class was over at 9:30 p.m. With regard to the lighting situation at the time, the interrogatories merely disclosed that it was the policy of the university to illuminate the campus at dusk, as well as the classroom buildings when they were in use, and that to the "best knowledge" of the president (of the university, who answered the interrogatories) this policy was followed on March 29, 1972, with respect to the building where the class was being held. In addition, the following answers were given to the following interrogatories by the president of the university: Q. "With regard to the brick sidewalks on the Atlanta University campus, was it the case on March 29, 1972, that any of the bricks were higher (a half inch or greater) than surrounding bricks?" A. "If any bricks were higher than the surrounding bricks on March 29, 1972, the University was not aware of such a

condition." Q. "With regard to the brick sidewalks on the Atlanta University campus, was it the case on March 29, 1972, that there were any ruts between any bricks (i. e., ruts that were deeper than one-half inch or more than the average rut between bricks)?" A. "If there were ruts deeper than one-half inch between bricks on March 29, 1972, the University was not aware of such condition." Answers to other questions relating to the condition of the walkways were answered "No answer required." The trial judge granted the defendant university's motion for summary judgment and the complainant appealed to this court. *Held:*

1. "The second sentence of Rule 8 (b) provides that if a party 'is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial.' This provision is of course subject to the requirements of honesty in pleading set forth in Rule 11. Thus the principle of Rule 8 (b), supra, 'does not apply if the fact as to which want of knowledge is asserted is to the knowledge of the court so plainly and necessarily within the defendant's knowledge that his averment of ignorance must be palpably untrue.' " 2A Moore's Federal Practice, p. 1821, § 8.22. Section 8 and Section 11 of our Civil Practice Act are substantially the same as the Federal Rules of Civil Procedure. See Ga. L. 1966, pp. 609, 619, 622 (Code Ann. §§ 81A-108, 81A-111). The failure of the defendant to deny in its answer that the lights on said walkway were insufficient for plaintiff to see the defects in the walkway, the facts as to which were obviously within the knowledge of the defendant was equivalent to an admission of the truth of the allegation. In *Seaboard C. L. R. Co. v. Clark,* 122 Ga. App. 237 (176 SE2d 596) it was held to be error to admit in evidence such an answer *and* to charge the jury the answer constituted admissions when the answer had been later amended to deny the allegations. Here, there was no such amendment.

2. Paragraph 4 of the complaint as to the condition of the walkways was proven without contradiction by the testimony of the complainant. The answers to the interrogatories as to lack of knowledge of the condition was no proof the condition did not exist. It follows,

therefore, that questions as to negligent maintenance and construction of the walkways were not eliminated by the evidence presented. The owner of the premises has a duty of exercising ordinary care to keep the premises and approaches safe for invitees. Code § 105-401. Whether this duty has been breached is clearly a jury question here.

3. This leaves for determination the question of whether the evidence and materials produced on the hearing for motion for summary judgment demand a finding that the complainant was guilty of such negligence as would bar a recovery on her part. As to this, it is our opinion that the case of *Kreiss v. Allatoona Landing,* 108 Ga. App. 427 (133 SE2d 602) controls the present case adversely to the defendant as the evidence fails to demand a finding that the complainant deliberately tested a known and obvious peril. The trial judge erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED JANUARY 10, 1975 — DECIDED MARCH 10, 1975 — REHEARING DENIED MARCH 24, 1975.

*Bell & Desiderio, Charles R. Desiderio,* for appellant.
*Dennis & Fain, Douglas Dennis, Martin D. Chitwood,* for appellee.