67492. LAWRENCE et al. v. TIMBER PRODUCTS INSPECTION, INC. et al.

BIRDSONG, Judge.

This is an appeal from the trial court's order granting the motion for summary judgment of defendant/appellee Timber Products Inspection, Inc. This case was brought by appellant against several defendants to recover for injuries sustained as a result of an on-the-job accident. The accident occurred as appellant was traversing a four-inch by four-inch by twelve-foot board of treated, grade 2, yellow pine being used as scaffolding. The board broke under the weight of appellant, which caused him to fall approximately eighteen feet onto a concrete surface.

Appellee was not responsible for the manufacture, sale, or grading of the pine board. Rather, appellee's sole involvement in this case arises from the fact that appellee licensed for grading the seller of the subject pine board. As part of the licensing procedure, appellee conducted periodic spot inspections of timber graded by its subscribers in order to determine the accuracy of the subscribers' actual grading practices. Appellant contends in this case that appellee's inspections

of the seller of the pine board involved herein revealed some deviation from accepted grading accuracy, and that appellee was negligent in failing to insure that the seller's improper grading was corrected. Appellant further contends that because of defects in the pine board in question, it did not meet prescribed standards for treated, grade 2, yellow pine, and that the board would not have broken under the weight of appellant absent the presence of those defects.

Although appellant testified in deposition that he had used 4x4, grade 2, yellow pine for scaffolding purposes on several occasions, the record establishes without dispute that 4x4, grade 2, yellow pine does not meet Occupational Safety and Health Administration (see 29 CFR § 1910.28) and industry standards for scaffolding. Appellant testified that the 4x4 lumber on the construction site was not specifically intended for use as scaffolding but was intended for general construction purposes. *Held*:

The trial court did not err in granting appellee's motion. Pretermitting all other issues raised by appellant's enumerations of error, the record establishes without dispute that the subject pine board was not intended or designed for the use to which it was put by appellant. Appellant's complaint against appellee is based solely upon a theory of negligence. " '[T]he broad test of negligence is what a reasonably prudent person would foresee and would do . . . under the circumstances. Not what actually happened, but what a reasonably prudent person would have then foreseen as likely to happen, is the key to the question of reasonableness . . .' " *McChargue v. Black Grading Contractors*, 122 Ga. App. 1, 5 (176 SE2d 212). The pine board was being put to a use for which it was never suited or intended; it necessarily follows that appellee should not have reasonably anticipated the accident that occurred and owed no duty to appellant to insure that the grade 2, yellow pine sold by its subscriber was suitable for safe use as scaffolding. See, e.g., Parker v. Warren, 503 SW2d 938 (16) (Tenn. App. 1973); Lemon v. Buchan Lumber Co., 251 NC 675 (111 SE2d 868, 870).

As appellee has pierced the allegations of appellant's complaint by demonstrating no genuine issue of material fact concerning its breach of any duty owed to appellant, the trial court did not err in granting appellee's motion for summary judgment. OCGA § 9-11-56.

*Judgment affirmed. Shulman, P. J., concurs. McMurray, C. J., concurs in the judgment only.*

DECIDED FEBRUARY 21, 1984 —
REHEARING DENIED MARCH 7, 1984 —

*Michael Weinstock*, for appellants.

*Samuel A. Fowler, Jr., Melvin P. Kopecky, David M. Zacks, Patricia Warren, Charles M. Richards, Assistant Attorney General,* for appellees.