## ATLANTA RAILWAY AND POWER CO. v. JOHNSON.

1. While the allegations of the petition as to negligence were somewhat vague and indefinite, the defendant did not demur, and the evidence for the plaintiff made out her case as laid sufficiently to withstand a motion for a nonsuit.
2. Grounds of a motion for a new trial, complaining of the refusal of the court to charge stated contentions of the complaining party, but which do not show that any written requests to charge were submitted to the trial judge, will not work the grant of a new trial, unless the instructions referred to were demanded.
3. The charge of the court instructing the jury to determine whether the motorman of the defendant's car saw the frightened condition of the horse which was alleged to have run into the plaintiff's buggy, and failed to stop or check the car, while not aptly worded, is not of itself ground for a new trial.
4. There is no merit in a ground of a motion for a new trial complaining that the court, in giving a legal and pertinent charge, failed to charge, in connection therewith, a contention of the complaining party which was also applicable to the case on trial.
5. The plaintiff's buggy was run into by a frightened horse drawing another buggy, and she was injured. A car of the defendant was passing at the time. She did not allege in her petition that the fright of the horse was originally caused by any act of the defendant, or that the car was running too fast or with any unusual or unlawful noise ; but merely that, after seeing the frightened condition of the horse, the motorman failed to stop his car, thereby aggravating the fright of the horse and causing him to run away. *Held:* No presumption of negligence arose against the defendant upon

proof of the injury, but it was incumbent upon the plaintiff to prove negligence as alleged.    It was therefore error to give in charge to the jury the provisions of the Civil Code, § 2321.

Argued July 15. — Decided August 11, 1904.

Action for damages.    Before Judge Reid.    City court of Atlanta.    December 11, 1903.

*Rosser & Brandon, W. T. Colquitt,* and *B. J. Conyers,* for plaintiff in error.    *J. T. Pendleton* and *R. J. Jordan,* contra. ·

CANDLER, J.    This was a suit against a street-railway company for damages on account of personal injuries.    The petition alleges that on a named day, in Fulton county, the plaintiff, with her brother-in-law and his little girl, was in a buggy on a street in Fulton county traversed by the line of the defendant company. At the time, she was going from the city of Atlanta in the direction of the town of East Point.    She alleged, that at a point designated a car of the defendant approached, going in the same direction that she was going; that " just beyond their buggy, about one hundred yards, a gentleman driving a horse to a buggy was approaching them, and the horse he was driving became very much frightened;" that her brother-in-law, realizing the danger of the situation, pulled the buggy against the curbing as far as possible; that the car, "not stopping, but running faster, caused said horse approaching them to become so badly frightened that the driver was unable to control said horse, and he ran against the buggy [plaintiff] was in, striking the front wheel," and causing the injuries for which she sued.    The only allegation of negligence in the petition was in the following language: " In receiving said injuries she was in no wise to blame, but it was the result of gross negligence on the part of the motorman in charge of said car; that said motorman could easily have seen that the horse meeting us was badly frightened, and the distance from the car to said horse being at least seventy-five yards, said motorman could have stopped his said car, or slowed up, and in that way said horse could have been managed and she saved the severe injuries that were inflicted upon her.    There was no obstruction nor anything whatever that could have prevented said motorman from seeing said horse and his frightened condition, had he tried."    The defendant's answer was a denial of the material allegations of the petition.    On the trial,

at the conclusion of the plaintiff's evidence, the defendant moved a nonsuit, but the motion was denied. The jury returned a verdict for the plaintiff for $250, and the defendant made a motion for a new trial, which was overruled. The bill of exceptions to this court complains of the overruling of the motion for a new trial, and of the refusal of the court to grant a nonsuit.

1. There was no demurrer to the petition, the allegations of which, as to the negligence charged against the defendant, were exceedingly vague and indefinite. It was not charged that the original fright of the horse which ran away and collided with the plaintiff's buggy was due to the negligence of the defendant, but rather that, after the horse had become frightened from a cause not disclosed, the failure of the motorman to stop the car so aggravated his fright as to cause him to run away. The case laid by the petition was that of a frightened horse and a moving street-car which was not stopped after the motorman in charge should, in the exercise of ordinary care, have seen his frightened condition. This case the plaintiff proved by the witnesses introduced in her behalf; and it was therefore not error to refuse the nonsuit.

2. Numerous grounds of the motion for a new trial complain of the failure of the judge to give in charge to the jury certain principles alleged to have been applicable to the case on trial. In none of these grounds does it appear that the defendant made any written request to charge. Some of the principles referred to were not pertinent and were properly excluded from the charge; others which were applicable were sufficiently covered by the charge as given. None of the grounds complaining of the failure to charge show any reason for the grant of a new trial.

3. Error is assigned on the following charge of the court: "If you believe the horse was frightened, then you would determine from the evidence whether the motorman saw him, saw that he was frightened — determine from the evidence the degree of his fright; and if the plaintiff's buggy was run against and she was thrown out and injured, you would determine whether the collision of the buggies was caused by the fright and the incontrollable fright of the approaching horse. If you believe that to be true, your next inquiry would be, what is the truth of the allegation of the plaintiff that the motorman saw the horse and saw the horse was frightened, and failed to slack the car, slack its speed or

stop it?" In and of itself, we are not prepared to say that this charge is cause for a new trial. It is perhaps unfortunately worded, in that it leaves room for the jury to find a verdict for the plaintiff on the idea that the fright of the horse was originally caused by the car of the defendant, whereas no such allegation is contained in the petition. The concluding sentence of the charge, however, sets out the real idea upon which the suit rests, viz., did the motorman, after observing the fright of the horse, so perform the duties which under ordinary circumstances were lawful and proper, in such a way as to aggravate the dangerous situation and bring about the injuries sustained by the plaintiff? As before stated, while we are not prepared to approve of the charge in its entirety, we can not hold that it alone is ground for a new trial.

4. Another ground of the motion complains that after giving certain instructions in charge to the jury, the court erred in failing to charge in connection therewith certain other contentions of the defendant. It is never cause for a new trial that the court, in giving a charge that is legal and pertinent, omits to charge at the same time and in the same connection some equally applicable principle of law. This has been so often decided by this court that citation of authority is not necessary to sustain the position taken.

5. The controlling point in the present case, and the one upon which we are constrained to reverse the judgment of the court below, grows out of the following charge, which is assigned as error. "If you believe from your inquiries that the plaintiff was thrown out of the buggy and injured, and further believe it was due to the frightened condition of the horse, and further believe that condition was due to the running of the cars of the defendant company, then the law would raise a presumption against the defendant that it was negligent, and the duty would be upon the defendant to show that it was not negligent, or that it was an accident, or that the injury resulted from some cause other than its negligence. Of course, gentlemen, if you believe the plaintiff's injury was not due to the running of the cars of the defendant company, there would arise no presumption against the defendant." Section 2321 of the Civil Code, providing that in all cases of injuries to persons or live stock occasioned by the running of the locomotives, cars, or other machinery, the presumption shall be

against the company, is not of statutory, but of common-law origin.  *Central R. Co.* v. *Brinson,* 70 *Ga.* 223, 224 ; *Augusta R. Co.* v. *Randall,* 79 *Ga.* 314.   It is, however, an extension of the common law, which made the presumption applicable only in cases of injuries to passengers.   It is but a concrete and modified expression of the doctrine of res ipsa loquitur.   See *Cordray* v. *Savannah Ry.,* 117 *Ga.* 465, where the section under consideration was also expressly held to apply to street-car as well as steam-railroad companies.   To the extent, then, that the section raises a presumption of negligence against the defendant in cases other than those of injuries to passengers, it is in derogation of common law, and must be strictly construed.   Such a construction has always been given it by this court.   *Georgia R. Co.* v. *Nelms,* 83 *Ga.* 70; *Holland* v. *Sparks,* 92 *Ga.* 753; *Rome R. Co.* v. *Thompson,* 101 *Ga.* 27 (7) ; *Southern R. Co.* v. *Morrison,* 105 *Ga.* 546; *Davis* v. *Georgia R. Co.,* 110 *Ga.* 305 ; *Savannah R. Co.* v. *Flaherty,* 110 *Ga.* 335.   Bearing in mind, then, the rule of strict construction, and the fact, as before stated, that section 2321 of the Civil Code rests upon the doctrine res ipsa loquitur, what is the application of that section to the case at bar ?   Can the damage to the plaintiff be fairly said to have been done by the running of the plaintiff's car ?   The petition does not disclose what is claimed to have been the original cause of the fright of the horse that ran into the plaintiff's buggy.   From aught that appears it was as much the fault of the horse as of anything else.   It is not charged that the car was running at a high rate of speed, or that an unnecessary or unlawful noise was made by its running.   Indeed, a fair inference from the petition is that, after becoming frightened, the mere sight of the car aggravated the condition into which the horse had gotten.   The defendant was doing only that which it had a right to do.   The only claim of negligence is that this was not done in such a way as to minimize an impending danger which was apparent to the motorman.   In such a case, how could the doctrine of res ipsa loquitur possibly be applicable ?   How can it be said that " the thing speaks for itself"? It can not be denied that the court stated the principle of law contained in Civil Code, § 2321, accurately and clearly ; the vice of the charge is that it was in no sense applicable to the case on trial.   The plaintiff's own showing does not make out a case

where the damage sustained by her was done by the running of the defendant's car or by any act of its employees; and this theory, the result of which was to create a presumption against the defendant not authorized by law, and impose upon it the burden of disproving negligence when the plaintiff should have been required to show negligence, ought not to have been submitted to the jury.

*Judgment reversed. All the Justices concur.*