### 3616. ATKINSON, receiver, v. HARDAWAY.

POWELL, J. 1. Where, on the day fixed for the hearing of a motion for a new trial, a brief of the evidence is presented and approved, and the judge takes the matter under advisement and holds it under consideration for a number of days, and, while considering it, discovers that the brief of the evidence is incorrect, he may cause the correction to be made before he acts on the motion, notwithstanding all of this occurs in vacation. Cf. *Atlanta & Birmingham Air-Line Ry.* v. *McManus*, 1 *Ga. App.* 302 (1), (58 S. E. 258).

2 Lack of administration upon the estate of a decedent is adequately shown where there appears in the record the testimony of a witness that he had examined the records in the office of the ordinary in the county where the decedent resided at the time of his death, and that no administration had been granted. The law presumes intestacy until proof of a will is made. *Miller* v. *Speight*, 61 *Ga.* 460. Hence, lack of representation on a decedent's estate is prima facie shown by proof that no administrator has been appointed thereon.

3 The venue of a cause of action against a railway company for a negligent homicide is in the county in which the fatal injury was inflicted, and not in the county where the injured person afterwards may have died. The cause of action inheres in the wrong as consummated by the injury, and not in the death itself.

4. Under the "employer's liability act" of 1909 (Civil Code of 1910, §§ 2782 et seq.), where suit is brought for the death of an employee, the railway company has the burden of proving that its agents and employees have exercised all ordinary and reasonable care and diligence; and the plaintiff makes a prima facie case by merely showing that the decedent met his death while discharging the duties of his employment.

5. The attempt of the plaintiff in error to make an attack upon the act of 1909, for unconstitutionality, is ineffectual, because of the general and indefinite manner in which he presents the constitutional question.

As to this point, the decision in *Davis* v. *City of Waycross*, ante, 384 (73 S. E. 556), and the case therein cited, are controlling.

6. Where a statute of this State is applicable to the cause of action set forth in the petition, the plaintiff does not have to plead it in order to get the benefit of it.

7. The measure of damages for a negligent homicide falling within the purview of the act of 1909 (Civil Code of 1910, § 2782) is the "full value of the life of the deceased," which, by reference to section 4425 of the Civil Code, is amplified to mean "the full value of the life of the deceased without deduction for necessary or other personal expenses of the deceased had he lived."

8. The evidence authorized the verdict. The grounds of the motion for a new trial based on the alleged newly discovered evidence, so far as formally complete, present matters merely cumulative or impeaching; and no reason appears for disturbing the recovery in the plaintiff's favor.

*Judgment affirmed.*

DECIDED JANUARY 15, 1912.

Action for damages; from city court of Baxley—Judge Sellers. May 20, 1911.

*Bolling Whitfield, J. B. Moore,* for plaintiff in error.
*Haygood & Cutts, Wade H. Watson,* contra.