## 8630.　SMITH *et al. v.* SOUTHERN RAILWAY COMPANY.

1. In a suit for the homicide of an employee of a railroad company, under the employer's liability act of this State (Acts of 1909, p. 160; Civil Code of 1910, § 2782 et seq.), a presumption of negligence against the company does not arise upon a prima facie showing that the deceased met his death while discharging the duties of his employment. The presumption arises only upon proof that the deceased was killed by the running of the locomotives, or cars, or other machinery of the company, or from an act done by some person in its employment and service.
2. There is no substantial merit in any of the assignments of error.

DECIDED JULY 25, 1917.

Action for damages; from Whitfield superior court—Judge Fite. November 27, 1916.

William and Lou Smith brought an action under the Civil Code (1910), § 2782 et seq., against the Southern Railway Company and the Western and Atlantic Railroad Company for the homicide of their minor son, alleged to be eighteen years of age, who had never married, and upon whose estate there was no administration. The deceased was employed by the Southern Railway Company. The Western & Atlantic Railroad Company was made a joint party defendant on the theory that its negligence concurred

in causing the injury.    The defendants filed demurrers, which were overruled.    The Supreme Court reversed the judgment, and held that, the case having been brought under the employer's liability act of this State, the action was demurrable at the instance of each of the defendants, for misjoinder of parties defendant, and at the instance of the Western & Atlantic Railroad Company for misjoinder of parties plaintiff.    See *Western & Atlantic R. Co. et al.* v. *Smith,* 144 *Ga.* 737 (87 S. E. 1082).    The allegations of the petition appear in that decision.    Afterwards the plaintiffs, by amendment, eliminated the Western & Atlantic Railroad Company as a defendant, and, Lou Smith, one of the plaintiffs, having died, William Smith was appointed her administrator, and by amendment was made a party plaintiff as such, and the case proceeded to trial in the name of William Smith and William Smith, administrator, as plaintiffs, and against the Southern Railway Company as the sole defendant.    The verdict was in favor of the defendant. The plaintiffs' motion for a new trial was overruled, and they excepted.

*W. E. Mann, W. C. Martin,* for plaintiffs.

*Maddox, McCamy & Shumate,* for defendant.

GEORGE, J.    1.    Complaint is made, in the 1st and 2d grounds of the amendment to the motion for a new trial, that the court erred in charging the jury that, before the plaintiffs could recover, they must show the defendant negligent by testimony; the insistence of the plaintiffs in error being that they were not required to show such negligence, but that, upon showing the injury alleged in the petition, the law presumed negligence.    The 8th ground complains of the failure of the court to charge the jury in substance as follows:    "I charge you that when the plaintiff has shown that the deceased was in the service of the Southern Railway Company and that he was injured, and from said injuries plaintiff's son died, then the law presumes that the defendant railway company was negligent as alleged in the declaration, and you would be authorized to find a verdict in favor of the plaintiff for the full value of the life of the deceased as shown by the evidence; that when the killing was shown as above stated, the burden is upon the defendant to show either that it was not negligent or that the deceased could have avoided the consequences of defendant's negligence, if it was negligent, by the use of ordinary care."    This clearly states

the contention of counsel for the plaintiffs in error. The deceased was a track-hand employed by the Southern Railway Company, the defendant, and was engaged in its service at a point south of Dalton. At this point the tracks of that company and of the Western & Atlantic Railroad Company run parallel for about six miles, the distance between them varying from four to sixteen feet, according to the evidence in the record. The defendant's track was west of the Western & Atlantic Railroad Company's track. A north-bound freight-train on the defendant's track approached the place where the deceased was at work. The track-hands were ordered to take the hand-car off the defendant's track and place it on the west side. As the train came up from the south, the deceased and his foreman stepped off on the east side of the defendant's track, next to and onto the track of the Western & Atlantic Railroad Company, and a fast south-bound passenger-train of the Western & Atlantic Railroad Company struck and killed him. In the circumstances, no presumption of negligence, upon proof merely of the death of the employee, arose against the defendant. The action is under section 2782 of the Civil Code of 1910. By the terms of this section it is provided: "In case death results from injury to the employee, the employer shall be liable unless it make it appear that it, its agents, and employees have exercised all ordinary and reasonable care and diligence, the presumption being in all cases against the employer. If death does not result from the injury, the presumption of negligence shall be and remain as now provided by law in case of injury received by an employee in the service of a railroad company."

It is contended that when a case is brought under this act, the plaintiff makes a prima facie case by merely showing that the deceased met his death while discharging the duties of his employment. The case of *Atkinson* v. *Hardaway*, 10 *Ga. App.* 389 (4) (73 S. E. 556), is cited in support of this contention. The facts involved in the case cited do not appear in the decision, but we apprehend that in that case no direct ruling was invoked or made in conflict with what we now rule. Section 2780 of the Civil Code of 1910 provides: "A railroad company shall be liable for any damage done to persons, stock, or other property by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employment and service

of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." The presumption referred to in section 2782 arises only in connection with the conditions stated in section 2780. In other words, in case death results from injury to the employee, caused by the running of the locomotives, or cars, or other machinery of the company, or from some wrongful act done by any person in the employment and service of such company, the presumption against the company arises. That portion of the State employer's liability act, contained in section 2782, which declares "the presumption being in all cases against the employer," must be read in connection with section 2780, which -states the conditions under which the presumption of negligence against the company arises. If this premise be correct, it necessarily follows that the presumption of negligence which arises against the defendant on proof of the homicide of the employee did not arise in this case. The deceased was not killed by the running of the locomotives, cars, or other machinery of the defendant company, nor by any act done by any person in the employment and service of the defendant company. See *Davis* v. *Ga. Railroad &c. Co.,* 110 *Ga.* 305 (34 S. E. 1001), where it was held that the presumption did not apply in a suit brought against a railroad company by a passenger seeking to recover damages because of the failure of the conductor to protect him against an assault by a fellow passenger. Compare also *Atlanta Ry. Co.* v. *Johnson,* 120 *Ga.* 908 (5) (48 S. E. 389).

In the case of *Savannah &c. Ry. Co.* v. *Flaherty,* 110 *Ga.* 335 (35 S. E. 677), the plaintiff was a passenger, and in boarding a train her foot slipped from the edge of the platform which the defendant had negligently allowed to become slippery with grease or other substances, and in the fall she received a serious injury. The Supreme Court held that the presumption did not apply, and in the opinion said: "Was the damage to her done by any person in the employment and service of the defendant? We are prepared to say with the utmost confidence it was not. Granting that the incline was improperly constructed or kept, and that the placing of the steps of the car over the slope of the incline was, relatively to those invited to board the train in this position, a negligent act, it still can not be said that any particular employee of the company

did any direct wrong to the plaintiff. Neither the construction of the crossing nor the backing of the train to the place at which it had been stopped when the plaintiff endeavored to enter the car was an act of a person in the company's service, which, in and of itself, could possibly have caused hurt to Mrs. Flaherty. The words last quoted embrace only acts done by employees which are the direct and efficient cause of injury to another. In other words, there must be such an act as would subject the employee himself to an action of tort. . . The language of the section under consideration is plain and unambiguous, and it seems clear that, in order to render its provisions applicable to a given case, it must affirmatively appear, as the law itself declares, that the injury complained of resulted either from 'the running of the locomotives, or cars, or other machinery' of the company, or from some wrongful act of an employee which itself was the immediate cause of the damage to the person injured." It will be observed that the court gave to section 2780 of the code a strict construction, even as against a passenger. The writer has some misgiving in applying the rule of strict construction as against a passenger, because at common law there was a presumption against the carrier in favor of the injured passenger. As against all others, the section is undoubtedly in derogation of common law, and is to be strictly construed. In *Atlanta Railway Co.* v. *Johnson,* supra, the origin of the presumption is examined, and it is said to be a concrete expression of the doctrine of res ipsa loquitur. The rule of res ipsa loquitur is based upon the apparent fact that the accident could not have happened without negligence on the part of the carrier. It is said that "the presumption which arises in these cases does not arise from the mere fact of the injury, but from a consideration of the cause of the injury." 3 Thomp. Neg. § 2756. It follows that neither the charges given, nor the failure to charge, excepted to in grounds 1, 2, and 8, were, for any of the reasons assigned, erroneous.

2. Complaint is made in the 3d ground of the amendment to the motion for a new trial that the court erred in charging the jury that the same degree of care,—namely, ordinary care,—was required alike of both the deceased and the defendant. This is the law.

3. Complaint is made in the 4th and 5th grounds of the amend-

ment to the motion for a new trial that the court read to the jury in their entirety sections 2782 and 2783 of the code. The sections referred to constitute our statute of 1909, regulating the liability of railroad companies for personal injuries to their employees, and are applicable both where an employee is killed and where one is injured; the practical difference being that in case of fatal injury the right to recover is in the personal representative of the deceased employee, and in case of injury not fatal the right of action is, of course, in the employee, and that a presumpton of negligence arises against the carrier in case of death of the employee, and does not arise in case of injury. The reading of these sections in their entirety could not have resulted in any harm to the plaintiffs, so far as we are able to perceive.

4. Complaint is made in the 6th and 7th grounds that the court limited the plaintiffs' right of recovery to proof of the foreman's negligence in failing to observe and warn the deceased of the approach of the Western & Atlantic passenger-train. The allegations of negligence were: " (a) The foreman of the section crew did not exercise ordinary care to observe the train approaching on the Western & Atlantic Railway Company's track, and did not warn plaintiffs' son of the approach of such train. (b) The flagman sent ahead to look out for trains approaching on the Southern, if any, did not warn petitioners' son of the approach of the Western & Atlantic train, or the foreman of the section crew, nor did he flag or notify the persons in charge of the Western & Atlantic train." The evidence disclosed that the foreman in charge of the work on the defendant's track sent a flagman both to the north and the south of the point where the work was to be performed. The flagman sent to the north was stationed a distance of eighteen telegraph poles from the deceased. He could neither see nor hear the deceased. He therefore was unable to make himself seen or heard by the deceased. He had no right or authority to flag or in any manner interfere with the operation of the trains of the Western & Atlantic Railroad Company. His sole duty was to flag any approaching train upon the defendant's track. The evidence discloses that he discharged his full duty in this regard. There was no evidence in the record to authorize a charge on this specification of negligence.

5. In the 9th ground error is assigned upon the failure of the

court to charge the jury in substance that it was the duty of the railway company to furnish the deceased a reasonably safe place in which to work, and to warn the deceased of the dangers surrounding him, from whatever source they might arise, in the circumstances of the case. In support of this contention, it is insisted that it was the duty of the foreman, who, with the deceased, was on the east side of the defendant's track, to warn the deceased of the danger in standing upon the track of the Western & Atlantic Railroad Company. The deceased knew he was upon the track of that company. He was familiar with the surroundings. He was more or less experienced in his work. He must have known that it was unsafe to stand upon a railroad-track, over which trains were daily, and perhaps hourly, operated. Words of warning from the foreman would, in such circumstances, appear to be ridiculous and wasteful excess. There was no hidden defect. The track was on the surface, and the deceased was on the track. He might have stood between the two tracks, as the foreman did, who escaped injury. There was no error in failing to charge the principle of law stated in this ground of the motion. The principle was not applicable.

The assignments of error are without substantial merit. The case was fairly submitted to the jury, and the verdict will not be disturbed.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*