46966. SOUTHERN GUARANTY INSURANCE COMPANY v. JOHNSON et al.

CLARK, Judge. This appeal is from the judgment in a declaratory judgment action brought by Southern Guaranty Insurance Company to determine questions of coverage under a vehicle public liability policy naming as parties defendant the insured, his employee and the adverse parties involved in a vehicle collision which had occurred February 20, 1970. There were then pending damage

suits filed on May 7, 1970, in Toombs County Superior Court. The answer filed by the insured in the declaratory judgment action contended coverage existed but also included in this answer a pleading designated "counterclaim." This pleading sought to reform the original policy so as to include a 1965 Chevrolet truck which insured alleges was eliminated inadvertently through mutual mistake of insured and the insured's agent, James L. Conner, d/b/a Conner Insurance Agency, who had written the policy. Thereupon Southern Guaranty Insurance Company filed its motion to add its agent Conner, as a co-party-defendant alleging that if the facts in the counterclaim proved correct it would have a right of recovery against Conner for his mistake.

Among the defensive pleadings filed by Conner was a motion contesting the jurisdictional right of Toombs Superior Court to make him a party defendant because of his residence being in Jeff Davis County. The trial judge entered an order which dismissed the insurer's motion to add Conner as a party defendant and granted the right of immediate review.

Both parties discussed various legal questions at length in their written briefs. Among these questions was the right of the Southern Guaranty Insurance Company to implead Conner as a co-party-defendant despite his contention that he was not subject to the jurisdiction of Toombs County by reason of his residence being in Jeff Davis County. During their oral argument counsel for the insurer and for the agent agreed that if this court ruled favorably to Conner on this jurisdictional point that the other matters would not have to be considered.

We are of the opinion that this case is controlled by the ruling of the Supreme Court in *Register v. Stone's Independent Oil Distributors*, 227 Ga. 123 (179 SE2d 68), which overruled this court's opinion rendered under the same title in 122 Ga. App. 335 (177 SE2d 92).

Our Supreme Court there decided that the impleading of a third-party defendant is an independent suit which must

meet venue requirements under the Georgia Constitution, for the action can lie only in the county of defendant's residence. An excellent note discussing this *Register* case in depth written by Emory University law student Terrence B. Adamson appears in the current issue of our State Bar Journal. 8 Ga. Bar Jour. 428.

Under the constitutional amendment which created this Court of Appeals in 1906 codified as § 2-3708 it is expressly stated that "the decisions of the Supreme Court shall bind the Court of Appeals as precedents."

Plaintiff Southern Guaranty Insurance Company has not in this case designated its agent Conner as a third-party-defendant but is contending that it is entitled to have him added as a co-defendant to the reformation counterclaim for the purpose of asserting its right to recover over against its agent in the event the reformation prayer is successful for exceeding his authority or for a lack of care, skill and diligence. This desire of the principal to bring in its agent as a co-defendant for this ultimate right to recover any sums that it as principal might be required to pay is in the nature of an independent suit. It was pointed out by Judge Eberhardt at page 337 of *Register v. Stone's Independent Oil Distributors,* supra, that "If the claim asserted against co-defendants or third parties is essentially independent rather than one ancillary to the main action, it must satisfy within itself the Constitutional venue requirements." In reversing, the Supreme Court agreed as to this being correct law but disagreed with the view that the third-party action was an ancillary proceeding to the main suit.

Although appellant points out that it has ample authority under *Code Ann.* § 81A-120 (Ga. L. 1966, pp. 609, 631) to join a defendant in one action for "[a]ny right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all of them will arise in the action" and that it would be expeditious to add its agent to the lawsuit to permit a full adjudication of the

rights of all the parties as permitted under our Declaratory Judgment Act, this must yield to the constitutional requirement. Compare: *Bishop v. Brown,* 138 Ga. 771 (76 SE 89); *Fourth Nat. Bank of Columbus v. Mooty,* 143 Ga. 137 (84 SE 546).

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*
ARGUED MARCH 8, 1972—DECIDED APRIL 5, 1972—
REHEARING DENIED APRIL 24, 1972—

*Neely, Freeman & Hawkins, Joe C. Freeman, Jr., Thomas H. Harper, Jr.,* for appellant.

*Falligant, Doremus & Karsman, Julian H. Toporek,* for appellees.