53097. HALEY v. CITIZENS & SOUTHERN
NATIONAL BANK OF AUGUSTA et al.

WEBB, Judge.

Application for immediate review was made and granted in this appeal from an order overruling and denying defenses of improper venue, lack of personal jurisdiction and insufficiency of service of process raised by Margery R. Haley in response to a suit filed by the Citizens & Southern Bank of Augusta in the Superior Court of Richmond County. In Count 1 of the two-count complaint C & S sought recovery on two promissory notes, alleging that Mrs. Haley and John A. Coleman had jointly and severally guaranteed all obligations and liability of the maker, a Richmond County corporation which had been dissolved. Count 2 sought to recover on two other notes executed only by Mrs. Haley. At the time the suit was filed Mrs. Haley was a resident of Bibb County and was served there. Mr. Coleman resided in Richmond County.

The venue provisions of the Constitution of Georgia of 1945 (Art. VI, Sec. XVI, Pars. IV, V and VI) provide that while joint obligors or promisors residing in different counties may be sued in the county of residence of either (Code Ann. § 2-4904), "Suits against the maker and endorser of promissory notes . . . residing in different counties shall be brought in the county where the maker or acceptor resides." (Code Ann. § 2-4905); and "All other civil cases shall be tried in the county where the defendant

resides. . ." (Code Ann. § 2-4906).

Mrs. Haley concedes that if the C & S complaint had consisted only of Count 1 she could not object to the venue or personal jurisdiction of the Superior Court of Richmond County; but she contends that since she is the sole maker of the notes which form the basis for the cause of action alleged in Count 2, she can be sued only in Bibb, the county of her residence. C & S asserts, however, that since the cause alleged against Mrs. Haley and Coleman as joint obligors in Count 1 was properly brought in Richmond County, it may join with Count 1 any other claims which it may have against Mrs. Haley individually pursuant to Code Ann. §§ 81A-118 (a) and 81A-120 (a), regardless of the fact that such actions standing alone could not be maintained in Richmond County.

We do not agree. C & S's argument misapplies those provisions of the Civil Practice Act, which relate only to joinder of claims and parties, and ignores the restrictions of Code Ann. § 81A-182 that "This Title shall not be construed to extend or limit the jurisdiction of the courts or the venue of actions therein." The constitutional venue provisions "may not be altered or changed by the legislature or the courts (*Register v. Stone's Independent Oil Distributors,* 227 Ga. 123, 125 (179 SE2d 68), and cits.), and the adoption of procedural devices for adjudicating claims of various parties in the same action does not effect a change in the venue requirements of the Constitution." *Pemberton v. Purifoy,* 128 Ga. App. 892 (1) (198 SE2d 356) (1973); see also *Buford v. Buford,* 231 Ga. 9 (200 SE2d 97) (1973); *Southern Guaranty Ins. Co. v. Johnson,* 126 Ga. App. 134 (190 SE2d 136) (1972).[1]

---

[1] "These venue rules, which often necessitate two or more separate trials conducted in different counties over substantially the same issue, make hollow the promise of the CPA 'to secure the just, speedy and inexpensive determination of every action.' A constitutional amendment authorizing the legislature to establish more flexible and realistic venue provisions for a state with 159 counties and major metropolitan areas overlapping several county lines is long overdue and badly needed."

Since the Constitution provides that the only venue for an action against the sole maker of a note is in the county of the residence of the maker, to allow C & S to sue Mrs. Haley in Richmond County on the notes which are the basis of the cause of action in Count 2 would be a judicial extension of the venue of the Superior Court of Richmond County established by the Georgia Constitution, and would also violate the prohibitions of Code Ann. § 81A-182, supra. Mrs. Haley's defense of improper venue was valid as to Count 2 and the trial court erred in overruling it.

*Judgment affirmed as to Count 1 and reversed as to Count 2. Deen, P. J., and Marshall, J., concur.*

ARGUED JANUARY 5, 1977 — DECIDED JANUARY 11, 1977.

*Hull, Towill, Norman, Barrett & Johnson, Robert C. Norman, Douglas D. Batchelor,* for appellant.

*Fulcher, Hagler, Harper & Reed, William Fulcher, John I. Harper,* for appellees.

John A. Coleman, *pro se.*

Beaird and Ellington, Annual Survey of Georgia Law (Trial Practice and Procedure), 26 Mercer Law Review 239, 246 (Fall, 1974).