## 61071. GRIFFIN v. JOHNSON et al.

BANKE, Judge.

The appellant sued to collect for personal injuries which he allegedly sustained when a vehicle in which he was riding as a guest passenger was struck from behind by another vehicle. Originally named as defendants were John Junior Johnson, the rider of the vehicle in which the appellant was riding; Alfonza Brown, the driver of the vehicle which hit them; Roundtree Transfer Company, Inc., a trucking firm for which Brown was driving; and Progressive Casualty Insurance Company, Roundtree Transfer's liability insurer. The statute of limitation expired the day after suit was filed. The trial court dismissed both Brown and Roundtree Transfer from the case over a year and a half later because neither had been served. Ruling that under Code Ann. § 68-612 Progressive Casualty was not subject to suit unless its insured was joined as a co-defendant, the trial court then dismissed the action as to Progressive Casualty. In the same order, it granted summary judgment to Johnson on the ground that the record negated any allegation that he was guilty of gross negligence.

The case was litigated in the State Court of Tattnall County. In his original notice of appeal, the appellant directed the appeal "to the Superior Court of Tattnall County" rather than to this court. Over two months later, after the expiration of the statutory appeal period, he filed an amendment to the notice of appeal to correct the error. Contending that the defect in the original notice could not be amended, Progressive Casualty has moved to dismiss the appeal. *Held:*

1. Code Ann. § 6-905 (Ga. L. 1965, pp. 18, 40) provides that the Appellate Practice Act "shall be liberally construed so as to bring about a decision on the merits of every case appealed, and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to herein." Pursuant to Code

Ann. § 6-809 (b), as amended by Ga. L. 1972, p. 624, "[i]f an error appears in the notice of appeal, the court shall allow the notice of appeal to be amended at any time prior to judgment to perfect the appeal so that the appellate court can and will pass upon the appeal and not dismiss it." In accordance with these statutory provisions, we hold that the appellant was entitled to amend his notice of appeal to correct the name of the court to which the appeal was directed. The motion to dismiss is accordingly denied.

2. We sustain the trial court's finding that Johnson was entitled to judgment as a matter of law based on the uncontroverted facts appearing in the record. The collision occurred just after Johnson pulled onto a highway from a side road. He testified in his deposition that he looked both ways to make sure the way was clear and that he had already shifted into high gear when his vehicle was struck. The appellant's deposition testimony totally corroborates this version, and in fact the appellant admits that he told Johnson the way was clear before the latter pulled out. Thus, there is no basis for a finding that Johnson was guilty of negligence, gross or otherwise.

3. The dismissal of the action against Progressive Casualty because of the failure to obtain service on Roundtree Transfer was not authorized. In *Great American Indem. Co. v. Vickers,* 183 Ga. 233 (188 SE 24) (1936), the Supreme Court held that under Code § 68-612, a member of the public who is injured by the negligence of a motor common carrier need not obtain a judgment against the carrier as a condition precedent to bringing suit against the carrier's insurer, any contractual agreement between the insurer and the carrier to the contrary notwithstanding. Progressive Casualty contends that this holding was abrogated by Ga. L. 1937, pp. 730, 731, which added the following language to the code section: "It shall be permissible under this chapter for any person having a cause of action arising hereunder in tort or contract to join in the same suit the carrier and its surety in the event a bond is given. If a policy of indemnity insurance is given in lieu of bond, it shall be permissible to join the motor carrier and the insurance carrier in the same action whether arising in tort or contract." We discern no conflict between this amendment and the holding in *Vickers* to the effect that the plaintiff need not obtain a judgment against the carrier in order to impose liability on the insurer. Furthermore, the holding in Vickers was reaffirmed in *Md. Cas. Co. v. Dobson,* 57 Ga. App. 594 (3) (196 SE 300) (1938), a year after the enactment of the amendment. Thus, we conclude that while Code § 68-618, as amended, permits joinder of the carrier and the insurer, it does not require it.

4. While Progressive Casualty also contends that a grant of summary judgment in its favor would have been authorized under the

Motor Vehicle Accident Reparations Act (Code Ann. §§ 56-3401b et seq.), due to evidence allegedly establishing the absence of a "serious injury" to the appellant, we are unable to consider this issue since it was not ruled on by the trial court. See generally *Smith v. Helms,* 140 Ga. App. 267 (3) (231 SE2d 778) (1976).

5. For the foregoing reasons, the grant of summary judgment in favor of appellee Johnson is affirmed, and the grant of Progressive Casualty's motion to dismiss is reversed.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 5, 1981 —
REHEARING DENIED February 25, 1981.

*Richard D. Phillips,* for appellant.
*Bobby Jones, Frederick Kramer, Charles Brannen,* for appellees.