## 64997. THOMAS v. BOBBY STEVENS HAULING CONTRACTORS, INC. et al.

CARLEY, Judge.

Appellant-plaintiff in the instant action is a resident of Sumter County. Her husband died in Sumter County as the result of injuries sustained in a vehicular collision which had occurred in Stewart County. The other vehicle involved in the collision was a truck owned by appellee-defendant Bobby Stevens Hauling Contractors, Inc. (Bobby Stevens), a motor carrier. Bobby Stevens is a Georgia corporation which has its principal office in Muscogee County and no office or place of doing business in Sumter County. Ap-

pellee-defendant Continental Casualty Company (Continental), a foreign corporation, is Bobby Stevens' liability insurer. Policies issued by Continental are sold by independent agents who maintain offices in Sumter County.

Pursuant to the joinder provisions of Code Ann. § 68-612, appellant filed an action against both appellees in Sumter County. Appellees moved to dismiss on the ground that venue was not proper in Sumter County. The motion was granted and it is from the trial court's order dismissing appellant's complaint "without prejudice on the basis that venue is improper in Sumter County, Georgia" that the instant appeal is taken.

1. Resolution of the issue presented in the instant appeal requires an analysis of the relevant underlying statutes. In addition to a suit in tort against a negligent motor carrier, Code Ann. § 68-612 establishes an independent cause of action against the carrier's insurer on behalf of a member of the public injured by the carrier's negligence. See generally *Great American Indem. Co. v. Vickers,* 183 Ga. 233 (188 SE 24) (1936). "[T]he structure of the Motor Carrier Act is to offer the insurer as a substitute surety bond, action against which is based on its contract with the carrier for the protection of the public as a third party beneficiary." *Farley v. Continental Ins. Co.,* 150 Ga. App. 389, 392 (258 SE2d 8) (1979). " 'This being true, the policy of insurance is not one of indemnity against loss as that term is generally understood, but is a direct and primary obligation to any person who shall sustain actionable injury or loss by reason of the negligence of the insured in the operation of his motor vehicles insured under the policy. The sustaining of *actionable injury* is, under the statute, the only condition precedent to a suit on the policy.' [Cit.] . . . 'The cause of action is not on the tort; but on the contract by alleging the occurrence of the condition precedent required by the statute, which statute is an integral part of the contract of insurance . . .' " *Farley v. Continental Ins. Co.,* supra, at 390.

In *Russell v. Burroughs,* 183 Ga. 361 (188 SE 451) (1936), despite Court of Appeals decisions to the contrary, the Supreme Court held that under the originally enacted 1931 statutory scheme and "under the pleading rules then obtaining a plaintiff could not bring a joint action against a motor common carrier and its insurer for damages because this impermissibly joined an action in tort against the carrier with an action in contract against the insurer." *Farley v. Continental Ins. Co.,* supra, 391. See also *Russell v. Ogletree,* 184 Ga. 145 (190 SE 590) (1937). Apparently in direct response to the *Russell* decision, the General Assembly in 1937 enacted Ga. L. 1937, pp. 727, 728 and Ga. L. 1937, pp. 730, 731 "making it 'permissible to join the motor carrier and the insurance carrier in the same action whether arising in tort or

contract.' [Cits.]" *Seaboard C.L.R. Co. v. Freight Delivery Svc.,* 133 Ga. App. 92, 96 (210 SE2d 42) (1974).

However, a statute authorizing the permissive joinder of two causes of actions does not obviate the necessity of compliance with the applicable constitutional venue requirements as to each. " 'If the claim asserted against co-defendants or third parties is essentially independent rather than one ancillary to the main action, it must satisfy within itself the Constitutional venue requirements.' " *Sou. Guaranty Ins. Co. v. Johnson,* 126 Ga. App. 134, 136 (190 SE2d 136) (1972). The holding in *Bolin v. Pa. Threshermen &c. Co.,* 92 Ga. App. 726 (89 SE2d 831) (1955) clearly established that, notwithstanding the 1937 legislation allowing permissive joinder, a suit in tort against a motor carrier was not ancillary to a suit in contract against the carrier's insurer and that such a tort action must be brought only where venue would be constitutionally permitted. "A common carrier that negligently injures a person, and the insurance company that issues the carrier an indemnity policy under the provisions of Code § 68-612, are neither joint tortfeasors nor joint contractors, so as to bring the carrier and the insurance company within the provisions of [the] Code . . . permitting suit to be instituted against joint obligors or joint tortfeasors in the county of either. The liability of the carrier to the injured person arises from a tort in the commission of which the insurance company is not concerned. The insurance company's obligation to pay the damages caused by the carrier's negligence is a contractual duty not assumed by the carrier. It follows that, while by special statutes . . ., joinder of the carrier and insurance company in the same action is permitted, a . . . common carrier cannot be joined with the insurance company in a suit instituted" in a county where venue would not otherwise be proper as to the carrier. *Bolin v. Pa. Threshermen &c. Co.,* supra, 726.

Code Ann. § 68-618 (Ga. L. 1963, p. 376) provides in relevant part: "Except in those cases where the State Constitution requires otherwise, any action against any resident or nonresident motor common carrier for damages by reason of any breach of duty, whether contractual or otherwise . . . may be brought in the county where the cause of action or some part thereof arose . . . The venue prescribed by this section shall be cumulative of any other venue provided by law." Accordingly, under the constitutional and statutory venue provisions applicable to a tort action against a domestic motor carrier corporation, "a motor carrier such as here alleged 'may be' sued in the county where the cause of action [or some part thereof] originated or may be sued in the county where it maintains its principal office and place of business." *Modern Coach Corp. v. Faver,* 87 Ga. App. 221, 225 (73 SE2d 497) (1952) (construing former Code Ann. § 68-618; Ga. L.

1931, pp. 199, 205). The application of the applicable venue principles to the facts of the instant case demonstrates that, insofar as venue might be predicated upon the maintenance of its principal office and place of business, a tort action against appellee Bobby Stevens should be brought in Muscogee County, not Sumter County. Therefore, the question becomes whether, under Code Ann. § 68-618, appellant's "cause of action or some part thereof arose" in Sumter County. Appellant essentially urges that her tort action comes within the provisions of Code Ann. § 68-618 because, although the vehicular collision occurred in Stewart County, her husband died in Sumter County. Rejecting a similar argument in a wrongful death action against a railroad company, this court held that "[t]he cause of action inheres in the wrong as consummated by the injury, and not in the death itself." *Atkinson v. Hardaway,* 10 Ga. App. 389 (3) (73 SE 556) (1911). Under the allegations of appellant's complaint in the instant case, the "wrong" upon which her cause of action is premised is the negligence of appellee-Bobby Stevens' driver in causing the collision in Stewart County. Accordingly, we find that, under Code Ann. § 68-612, the proper venue of appellant's tort suit against appellee-Bobby Stevens would be Stewart County, not Sumter County.

To avoid this result, and in support of Sumter County as a proper venue for her tort action, appellant relies upon that part of Code Ann. § 68-618 (Ga. L. 1963, p. 376) which provides that its venue provisions are "cumulative of any other venue provided by law." Appellant argues, in essence, that this "cumulative" venue provision, enacted as it was in 1963, supersedes the previous holding in *Bolin,* supra, so that if venue in a suit against the insurer would otherwise be proper under the provisions of Code Ann. § 56-1201 in Sumter County in a contract action on the policy, venue would also be "cumulatively" proper in that county as to the tort action against appellee-Bobby Stevens. However, we do not read the 1963 statute as meaning that any and all venue provisions relative to an action against an insurer are applicable, at the election of the plaintiff, in a tort action against a motor carrier. What the statute does mean is that its venue provisions are not exclusive with regard to a suit against a motor carrier and that venue can be predicated upon any statute which is *otherwise applicable.* See generally *Parker v. Ryder Truck Lines,* 150 Ga. App. 163 (257 SE2d 18) (1979). See also *Jahncke Svs. v. DOT,* 134 Ga. App. 106, 108 (3) (213 SE2d 150) (1975). Nor does Code Ann. § 68-618 have the effect of making a motor carrier and its insured joint tortfeasors or joint obligors so that proper venue as to a suit against one is the proper venue in a suit against the other. It has been held, both before and after 1963, that "[t]he insurer and the

carrier are neither joint tortfeasors nor joint contractors. [Cit.]" *Farley v. Continental Ins. Co.,* supra, 391.

In the instant case, the appellant's tort action against appellee-Bobby Stevens was not instituted in the county where it maintains its principal office and place of business, in the county where the cause of action or some part thereof arose, or in a county where the venue of such an action would be otherwise proper under applicable statutory provisions. It follows that the trial court did not err in granting appellee-Bobby Stevens' motion to dismiss the action against it for lack of proper venue.

2. It was, however, error to grant appellee-Continental's motion. As discussed above, it has long been recognized that, pursuant to Code Ann. § 68-612, an action on the policy itself against the insurer of a motor carrier is cognizable as an independent suit without joinder of the motor carrier. *Great American Indem. Co. v. Vickers,* supra; *Farley v. Continental Ins. Co.,* supra; *Griffin v. Johnson,* 157 Ga. App. 657 (278 SE2d 422) (1981). As an independent ex contractu action on the policy itself which is non-ancillary to the ex delicto action against the motor carrier, the proper venue of appellant's suit against appellee-Continental is subject to an independent determination. *Bolin v. Pa. Threshermen &c. Co.,* supra; *Sou. Guaranty Ins. Co. v. Johnson,* supra. Just as appellee-Bobby Stevens cannot be required to defend a tort suit in Sumter County solely because venue in that county would otherwise be proper as to its insurer, appellee-Continental cannot avoid defending an ex contractu action otherwise properly brought in that county solely because its insured cannot be sued there on the underlying tort. Cf. *Bolin v. Pa. Threshermen &c. Co.,* supra; *Griffin v. Johnson,* supra, 658 (3). Appellee-Continental does not argue that venue in Sumter County in an action on the policy of insurance would be improper under the provisions of Code Ann. § 56-1201 (2), providing that venue would be proper in any county where the insurer has an agent or place of doing business. Nor does Continental contend that appellant's suit against it does not come within the provisions of Code Ann. § 56-1201 (4), which provides that such an action on an insurance policy may be brought "where the person entitled to the proceeds of an insurance contract upon which action is brought maintains his legal residence." In the instant case, appellant, a resident of Sumter County, has instituted suit in that county against appellee-Continental, the insurer, on a policy the proceeds of which appellant claims "as a third party beneficiary." *Farley v. Continental Ins. Co.,* supra, 392. The trial court erred in granting appellee-Continental's motion to dismiss appellant's action against it on the ground of improper venue.

*Judgment affirmed in part and reversed in part. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED FEBRUARY 25, 1983 —
REHEARING DENIED MARCH 10, 1983 — ▮▮▮▮▮▮

*Kenneth M. Henson, Jr., Thomas R. McFarland, Millard D. Fuller,* for appellant.
*Ernest Kirk II,* for appellees.