72622. CURRAHEE CONSTRUCTION COMPANY, INC.
v. RABUN COUNTY SCHOOL DISTRICT et al.
(349 SE2d 487)

BIRDSONG, Presiding Judge.

The Rabun County Board of Education contracted with Currahee Construction Company to renovate a portion of an elementary school in Tiger, Georgia, but during renovation a fire (allegedly caused by Currahee's negligence) partially destroyed not only the section being renovated, but other portions of the school building as well. A "builder's risk" insurance policy with Continental Insurance Company covering the renovation named as insureds *both* Currahee Construction Company and Rabun County Board of Education, in the amount of $167,200 without stating how or to whom any loss would be paid, other than to the "insured." The single policy states the insurer will, as the basis for settlement, "pay for the cost of materials and labor needed to repair, replace or rebuild the lost or damaged property with materials of like kind and quality."

Although Currahee is a resident of Stephens County, the Rabun Board of Education ("Rabun Schools") sued both Continental Insurance Company and Currahee Construction Company (see OCGA § 33-4-1 (4)), in Rabun County, the locale of the insured property, as "joint obligors" under the builder's policy to the extent of $82,368 (the amount of damages to the renovation), but with total damages against Currahee in an amount of $768,888 including fire damage to other parts of the building not under renovation.

Currahee, denying a status of joint obligation, filed a motion to transfer or dismiss for lack of jurisdiction and Continental filed a motion to sever the plaintiffs' claims against Continental Insurance from the claims against Currahee Construction Company. The trial court denied both these motions, and we granted interlocutory appeal to

Currahee.

Rabun Schools contends that it may sue Continental Insurance in Rabun County (because the insured property is there) and bring in Currahee as a joint obligor, under authority of OCGA § 9-10-31 and the Ga. Const., Art. VI, Sec. II, Par. IV.

The appellant Currahee contends it is not a joint obligor with Continental Insurance because the plaintiffs' causes of action against Continental Insurance and Currahee are, respectively, in contract and in tort; the independent actions of the defendants did not produce a "single indivisible result" and rational apportionment of damages cannot be made (*Gilson v. Mitchell*, 131 Ga. App. 321 (205 SE2d 421), aff'd 233 Ga. 453 (211 SE2d 744)) against defendants as joint tortfeasors, "jointly and severally liable for the full amount of plaintiff's damages," inasmuch as Continental is not a joint tortfeasor under the facts. Id. p. 322; *Pease &c. Trust v. Gaines*, 160 Ga. App. 125, 130 (286 SE2d 448). *Held*:

The defendants are not joint obligors. The obligation of Continental to pay its insured Rabun County for its loss is independent of Continental's obligation to pay Currahee Construction Company for Currahee's loss. The school district's actions in this case are not only for different injuries but one is ex contractu (against Continental) and the other is ex delicto (against Currahee).

There are two insureds whom Continental agreed to protect. Rabun County's right to collect from Continental for damages up to the coverage afforded under the builder's risk policy does not absolve the alleged tortfeasor, Currahee, of its liability for the entire loss. Continental must protect each insured according to the rights of each under the builder's risk policy but only to the extent of its assumed liability.

In an analogous situation, it has been held that motor carriers and their insurers are not joint obligors to injured plaintiffs who are by law third-party beneficiaries of the motor carrier's contract of insurance under OCGA § 46-7-12 (e) (see *Thomas v. Bobby Stevens &c. Contractors*, 165 Ga. App. 710 (302 SE2d 585); *Farley v. Continental Ins. Co.*, 150 Ga. App. 389, 392 (258 SE2d 8); *Bolin v. Penn. Threshermen &c. Ins. Co.*, 92 Ga. App. 726 (89 SE2d 831)). The liability of the motor carrier's insurer is "a direct and primary obligation to any person who shall sustain actionable injury or loss by reason of the negligence of the insured in the operation of his motor vehicles insured under the policy" (*Farley*, supra p. 390) and, venue may not be obtained of the motor carrier as joint obligor with the insurer because "[t]he liability of the carrier to the injured person arises from a tort in the commission of which the insurance company is not concerned. The insurance company's obligation to pay the damages caused by the carrier's negligence is a contractual duty not assumed by the car-

rier." *Thomas*, supra p. 712. In *Thomas* we held that the motor carrier and insurer were not joint obligors suable in the county of either. Continental's coverage of Currahee as insured is for Currahee's *loss* as to its own insured interest and is not for any *liability* of Currahee to Rabun, as is the case in the motor carrier cases.

It being clear that Continental and Currahee are not joint obligors, the trial court erred in denying Currahee's motion to dismiss for lack of jurisdiction. However, pursuant to Transfer Rules found at 251 Ga. 493, upon remand the trial court shall take action consistent with those rules.

*Judgment reversed and case remanded with direction. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 18, 1986 —
REHEARING DENIED OCTOBER 8, 1986.

*James E. Brim III*, for appellant.
*Frank Sutton, Edward E. Strain III*, for appellees.
*Mark T. Dietrichs*, amicus curiae.