A89A2241. EMPLOYERS INSURANCE OF WAUSAU
v. DAWSON.
(390 SE2d 261)

SOGNIER, Judge.
Warren Dawson was injured in a collision with a truck owned by Ray Thompson Trucking Company ("Thompson Trucking"), a motor contract carrier. He brought suit directly against Thompson Trucking's liability insurer, Employers Insurance of Wausau, A Mutual Company ("Wausau"), pursuant to OCGA § 46-7-58 (e). The jury returned a verdict in favor of Dawson, and Wausau appeals.

The record reflects that appellee dismissed without prejudice his suit against Thompson Trucking, and that the statute of limitation subsequently ran as to the motor carrier. Appellant argues that because its insured's liability could no longer be legally established, appellant was no longer contractually obligated to Thompson Trucking under the insurance policy, and thus it could not be liable to appellee for any damages incurred in the collision. Based on the argument that it had a complete contractual defense to appellee's claim, appellant asserts the trial court erroneously denied its motions for summary judgment and for a directed verdict and acted improperly in excluding evidence of its contractual defense and in its charge to the jury. We find no merit in appellant's argument.

Although the extensive briefs in this case fail to cite it, we find

this appeal indistinguishable from *Griffin v. Johnson*, 157 Ga. App. 657 (278 SE2d 422) (1981). In that case, the plaintiff brought suit against the liability carrier and the motor carrier on the day the statute of limitation was to expire. The motor carrier was never served and was subsequently dismissed from the action. We reversed the trial court's dismissal of the action as to the liability carrier, and, citing *Great American Indem. Co. v. Vickers*, 183 Ga. 233 (188 SE 24) (1936), held that the plaintiff in *Griffin* "need not obtain a judgment against the carrier in order to impose liability on the insurer." Id. at 658 (3). "The sustaining of *actionable injury* is, under the statute, the only condition precedent to a suit on the policy." *Vickers*, supra at 236. In this case, as in *Griffin*, an actionable injury existed at the time the suit was instituted. See also *Ellerbee v. Interstate Contract Carrier Corp.*, 183 Ga. App. 828, 829 (1) (360 SE2d 280) (1987).

Appellant directs this court's attention to *Addington v. Ohio Southern Express*, 118 Ga. App. 770 (165 SE2d 658) (1968), arguing it supports its position. *Addington* is distinguishable, however, in that the statute of limitation had run against the motor carrier prior to the filing of the plaintiff's claim against the insurance carrier. The non-existence of any cause of action against the tortfeasor/motor carrier prior to institution of suit against the motor carrier's insurer is the distinguishing point for cases such as *Harris v. Sampson*, 162 Ga. App. 241, 244 (290 SE2d 165) (1982) and *Tuck v. Cummins Trucking Co.*, 171 Ga. App. 485, 486-487 (320 SE2d 265) (1984). (We note that the language in OCGA § 46-7-58 is identical to that in OCGA § 46-7-12 for motor common carriers and is derived from these statutes' predecessors, Ga. Code Ann. §§ 68-509 and 68-612, respectively.)

"[I]t has long been recognized that, pursuant to [OCGA § 46-7-58 (e)], an action on the policy itself against the insurer of a motor carrier is cognizable as an independent suit without joinder of the motor carrier. [Cits.]" *Thomas v. Bobby Stevens &c. Contractors*, 165 Ga. App. 710, 714 (2) (302 SE2d 585) (1983). Such a suit is an independent ex contractu action on the policy itself and is non-ancillary to the ex delicto action against the motor carrier. Id. Where the condition precedent to suit against a motor carrier's insurer is met, i.e., an actionable injury exists at the time suit is filed, see *Vickers*, supra, neither institution of a suit nor maintenance of a suit against the motor carrier is necessary to pursue a viable cause of action against the motor carrier's insurer. Accordingly, the trial court did not err for any of the reasons enumerated by appellant.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JANUARY 4, 1990 —
REHEARING DENIED JANUARY 17, 1990 —

*Talbot & Ladson, Thomas W. Talbot, Larry W. Rowe, Swift, Currie, McGhee & Hiers, James T. McDonald, Jr.* for appellant.
*Lamar Gibson,* for appellee.